(57 Misc. Rep. 439.)

### SCHIRMER v. REHILL.

(Supreme Court, Special Term, Westchester County. January, 1908.)

1. SPECIFIC PERFORMANCE—ORAL CONTRACT—PART PERFORMANCE.

A landlord entered into an oral contract with a tenant for a five-year lease, and the tenant, taking possession, made substantial improvements, such as he would not have made, except for a lease of that duration. *Held* sufficient to take the case out of the statute of frauds, so as to authorize a decree of specific performance of the agreement.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Specific Performance, §§ 132–134.]

2. SAME—EVIDENCE.

A husband and agent of a landlord made an oral agreement for a five-year lease of a store, giving the tenant a paper which, after acknowledging receipt of a month's rent, stated: "Five years lease to be fixed later." The tenant made permanent improvements for use in his business to the extent of $1,000, and after paying rent for several months demanded a written lease, which was refused. *Held*, that such improvements authorized a decree for specific performance, whether the agreement be regarded as entirely by parol or sufficiently expressed in the written memorandum.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Specific Performance, §§ 132–134.]

Action by Max Schirmer against Kate E. Rehill. Judgment for plaintiff.

William Herrmann, for plaintiff.
Hughes & Holden, for defendant.

MILLS, J. This is an action by the plaintiff to secure specific performance by the defendant of an alleged agreement upon her part to give him a five-year lease of certain premises used as a bakery. From the evidence I am satisfied that the following is a correct statement of the material facts:

About the 1st of October, 1905, the defendant was completing the construction of a large building upon Spring street, in the village of White Plains, and designed one of the ground floor stores or apartments to be used as a bakery, having constructed therein, or in the basement appurtenant thereto, ovens to be used for baking. The plaintiff wished to establish himself in said village in the baking business, and to lease suitable premises therefor. With that end in view he called upon the defendant's husband and agent and entered into negotiations with him for the purpose of leasing such store. It was then orally agreed between them that he should have the lease of said store for such purpose for the term of five years, commencing November 1, 1905, at the rent of $50 a month, payable in advance. The plaintiff then and there paid to the defendant's agent the sum of $50 for the first month's

rent, and the latter signed and gave to the plaintiff a paper of which the following is a copy, viz.:

"Oct. 5th, 1905.

"Received of Max Schirmer fifty dollars for rent of store in the P. O. Building, Spring street, for November, month ending Nov. 30, 1905. Five years lease to be fixed later.

"$50.00.                               John T. Rehill."

The plaintiff thereupon, on or about the 1st of November, 1905, took possession of the premises, established therein the baking business, and with the knowledge of the defendant expended a large sum of money, at least $1,000 in fitting the premises with various fixtures for such use. After several months, during which the plaintiff regularly paid to the defendant said rent, he requested of the defendant that she execute and deliver to him a written lease for five years from the 1st of November, 1905, at the rental of $50 a month, payable monthly in advance. She refused to give him such lease. Various negotiations were had between the parties for an arrangement or compromise of the matter, but all failed of accomplishment. Thereafter, in April, 1907, the defendant, through her said agent, instituted before a justice of the peace of White Plains summary proceedings to dispossess the plaintiff from the possession of said premises, for the reason that he had refused to pay a monthly rental of $66.67 for that month, demanded by the defendant, although he had offered to pay the sum of $50. The plaintiff attempted before said justice to interpose as a defense the claim presented by him in this action; but the justice held that such defense could not be considered by him, and therefore gave judgment of dispossession in favor of the defendant against the plaintiff. This action was thereupon commenced, and application duly made at Special Term for a temporary injunction, which, after hearing, was denied upon the ground, as stated in the memorandum filed by the justice holding such Special Term, that the paper dated October 5, 1905, hereinbefore quoted, was not sufficiently definite to hold the defendant to a five-year lease or agreement therefor.

Upon the trial and the submission of the case here the counsel for the defendant claims that the oral agreement between the parties, if made, for the five-year lease, is void for want of a memorandum in writing thereof, and therefore not enforceable here, and also that the memorandum as to the five-year lease, contained in the paper dated October 5, 1905, is too indefinite to be regarded as an agreement for such lease. I am disposed to think that the sentence, "Five years lease to be fixed later," at the end of the paper dated October 5, 1905, should be read and construed in the light of the preceding sentence, and should therefore be held to mean a five-year lease of said premises at said rate of rental, to be fixed later, and that the word "fixed" was used by the parties simply in the sense of "given." So construed, the sentence would constitute a sufficiently definite agreement to give the lease now asked for by the plaintiff. However this view of the matter may be, whether correct or not, I am satisfied that the evidence shows that, prior to the time when the controversy between the defendant and the plaintiff over the giving of the five-year lease arose, the plaintiff, with the knowledge of the defendant, upon the faith of the agreement of

the defendant to give him such five-year lease, treating it as an oral agreement, made substantial improvements upon the premises, fitting them for use in the baking business, of such cost and character that he would not have made them, had he not understood that he had the defendant's agreement to give him a five-year lease. It would have been extraordinary and indeed absurd for him to have made those expenditures with the idea that he had only a lease by the month and no assurance of a longer term. It is well understood and established by abundant authority that such partial performance of an oral contract to give a lease for a longer term than one year is sufficient to take the case out of the statute of frauds and to authorize a court of equity to decree specific performance of such agreement. Czermak. v. Wetzel, 114 App. Div. 816, 820, 100 N. Y. Supp. 167; Veeder v. Horstmann, 85 App. Div. 154, 160, 161, 83 N. Y. Supp. 99; Gibbs v. Horton Ice Cream Co., 61 App. Div. 621, 71 N. Y. Supp. 193; Wendell v. Stone, 39 Hun, 382.

Therefore I think that the plaintiff is entitled to a decree of specific performance of the defendant's agreement to give the five-year lease, whether that agreement be regarded as having been entirely by parol or as being sufficiently expressed in the written memorandum of October 5, 1905.

Judgment accordingly.