## GOLDSMITH v. TOLK.

(Supreme Court, Appellate Division, First Department. May 6. 1910.)

SPECIFIC PERFORMANCE (§ 39*)—ORAL CONTRACT TO GUARANTEE LEASE.

　　An action for specific performance of an oral contract to guarantee and become surety on a lease made to a third person, whether partially performed or not, cannot be sustained, since, if there is sufficient performance to take the contract out of the statute of frauds, plaintiff has an adequate remedy by action for damages, and, if not, the oral agreement to make a written guaranty is as void as the oral guaranty itself.

　　[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. § 114, Dec. Dig. § 39.*]

Appeal from Special Term, New York County.
Action by Rebecca I. Goldsmith against Moritz Tolk. From an interlocutory judgment sustaining a demurrer to an amended complaint, plaintiff appeals. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, CLARKE, and DOWLING, JJ.

Henry C. Burnstine, for appellant.
Nathan Tolk, for respondent.

─────────────
*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

DOWLING, J. The plaintiff brings action for the specific performance of a verbal agreement upon the part of the defendant to become a guarantor of surety upon a lease made to a third party. Plaintiff sets forth that on or about the 22d day of January, 1909, plaintiff and defendant entered into an agreement in writing whereby the plaintiff leased to the defendant certain premises in the city of New York for a term of 5 years and 2 months from March 1, 1909, at an annual rental payable in advance, in monthly installments; that thereafter, and about May 1, 1909, it was agreed, at the request of the defendant, that the existing lease should be surrendered and canceled, and the defendant released from any further liability thereunder, and that plaintiff would enter into a new agreement in writing with another person, whereby a part of the said premises should be leased for the balance of the term, in consideration whereof defendant agreed to become the guarantor or surety upon the new agreement of lease, and to execute and deliver to plaintiff his agreement in writing as guarantor or surety for the performance by the new lessee of all the conditions of the new lease, including payment of rent thereunder if the new lessee failed to pay the same. It is further set forth that, pursuant to the agreement, the existing lease to which the defendant was a party was duly surrendered and canceled by the plaintiff, and the defendant released from all further liability thereon, and that the new lease to the third party was duly executed and delivered, but that the defendant has refused to execute the written agreement of guaranty or suretyship as prepared. There is a further allegation that plaintiff is without any adequate remedy at law.

To this complaint the defendant demurs, and it would seem that the demurrer was good. It is contended, on the one hand, that the agreement of guaranty in question is within the statute of frauds and cannot be enforced; and, on the other, that it is capable of enforcement, because there has been a part performance thereunder by reason of plaintiff having released defendant and executed a new lease to a third party, pursuant to the terms of the oral agreement with defendant. Under either aspect of the case, an action for specific performance will not lie. If the defendant's agreement of guaranty is not void under the statute of frauds, because there is part performance, and in fact full performance, so far as plaintiff is concerned, then the plaintiff can recover in an appropriate action upon the agreement, and no action for specific performance is necessary. If, on the other hand, the agreement of guaranty is void under the statute of frauds, and not enforceable thereunder, as being a mere verbal promise to answer for the debt or default of a third party, then an action in specific performance will not lie, for the oral agreement to make a written guaranty is as void as the oral guaranty itself.

The interlocutory judgment sustaining the demurrer must therefore be affirmed, with costs, with leave to plaintiff to serve an amended complaint, on payment of costs in this court and in the court below. All concur.