NATHAN H. STONE and MAX SCHLEIMER, Plaintiffs, *v.* 434 BROADWAY REALTY CORPORATION, Defendant.

(Supreme Court, New York Special Term, October, 1920.)

Specific performance — promise of landlord that oral agreement to extend lease should be reduced to writing — inadequate remedy at law — Real Property Law, §§ 290(3), 291.

> Where a landlord orally agrees with his tenants that if they made contemplated additions, improvements and alterations to the demised premises, he would give them an option to extend the lease for an additional five years on stated terms, and would reduce such agreement to writing, the tenants, after they had performed the contemplated work, may maintain an action to compel specific performance of the landlord's agreement to reduce it to writing, and an objection that the action cannot be maintained until the option had been exercised, is untenable.

> In such a case, the remedy at law is inadequate because sections 290(3) and 291 of the Real Property Law require that an agreement for the extension of a lease for a period of over three years must be in writing and recorded in order to be valid against purchasers in good faith and for a valuable consideration.

MOTION by the defendant for an order sustaining the demurrer interposed by it to the first cause of action in the second amended complaint.

Morrison & Schiff (Samuel W. Dorfman, of counsel), for motion.

Isaac Gutman (Max Schleimer, of counsel), opposed.

Giegerich, J. The cause of action which the defend-
ant has demurred to alleges, shortly stated, that the
defendant, as landlord, orally agreed with the plain-
tiffs, tenants, that if the plaintiffs, who were then in
possession as tenants of the premises in question, made
various contemplated additions, improvements and
alterations to the demised premises, the defendant
would give them an option to extend the lease, on cer-
tain stated terms, for an additional five years, and
would reduce that agreement to writing. It is further
alleged that the plaintiffs did the work on the premises
as specified, but the defendant refused to execute the
written agreement. There is no dispute in the briefs
on the point of the power of the court to enforce such
an oral agreement, and the cases hold that such an
agreement is valid and enforcible when performed on
one side. *Parkhurst* v. *Van Cortlandt,* 1 Johns. Ch.
273; *Cooley* v. *Lobdell,* 153 N. Y. 596; *Everdell* v. *Hill,*
58 App. Div. 151; *Schirmer* v. *Rehill,* 57 Misc. Rep.
439; *Brune* v. *Vom Lehn,* 112 id. 342. On behalf of the
defendant it is urged that the action for specific per-
formance cannot be maintained until the alleged option
has been exercised. The grievance of the plaintiffs
is not, however, that the defendant has refused to give
them a lease after their exercise of their option to de-
mand such an extension. Their grievance is that the
defendant will not perform its agreement to execute a
writing setting forth that option. The defendant cites
the case of *Goldsmith* v. *Tolk,* 138 App. Div. 287; affd.,
203 N. Y. 573, which held that the plaintiff did not need
to have the alleged oral contract of guaranty reduced
to writing because if such an oral contract existed the
plaintiff could enforce it without any writing. In the
present case, however, the remedy at law is not ade-
quate because the statute requires, as I construe it,
that an agreement of this kind, as the extension pro-

vided for is for a period of over three years, must be in writing (Real Prop. Law, § 290, subd. 3) and recorded (§ 291) in order to be valid against subsequent purchasers in good faith and for a valuable consideration. In support of the demurrer reliance is placed upon the rule that specific performance will not be decreed when the contract is not mutual in its remedy, and *Wadick* v. *Mace,* 191 N. Y. 1, is cited on the point, among other cases. The opinion in that case, however, calls attention to the fact that the rule applies only to executory contracts. If the plaintiffs here had sought this relief before they had performed the contemplated work on the demised premises, the case would fall within the rule. But before they brought this action they had fully performed all that was to be performed by them to entitle them to what they now seek, and the contract became an executed one for the purposes of this suit, and no longer falls within the rule or the reason underlying the rule to which reference is made above. The motion to sustain the demurrer should, therefore, be denied, with ten dollars costs.

Motion denied, with ten dollars costs.