The People of the State of New York ex rel. William Manice, Appellant, v. William H. Powell et al., Respondents.

Corporations — director of a stock corporation cannot be removed without cause — quo warranto and not mandamus is remedy of director who claims to have been illegally removed and whose place is filled by another.

A director of a corporation does not stand in the same relation to the corporate body which a private agent holds toward his principal.

Without some statute or provision of the charter authorizing his removal or suspension, a director cannot be removed or suspended from office until the end of his term, at least without cause.

Quo warranto and not mandamus is the remedy of a director who claims to have been illegally removed and whose place has been filled by the election of another.   (*People ex rel. McLaughlin* v. *Police Commissioners*, 174 N. Y. 450, followed.)

*People ex rel. Manice* v. *Powell*, 140 App. Div. 912, affirmed.

(Argued February 6, 1911; decided March 14, 1911.)

Appeal from an order of the Appellate Division of the Supreme Court in the first judicial department, entered October 28, 1910, which affirmed, as matter of law and not in discretion, an order of Special Term denying a motion for a peremptory writ of mandamus to compel the defendants to reinstate the relator as a director of the respondent Atlantic Terra Cotta Company.

The facts, so far as material, are stated in the opinion.

*John M. Perry* for appellant. The general rule is that a director cannot be removed from office during the term for which he is elected. (Cook on Corp. § 711; Thompson on Corp. § 1084.) Mandamus is the proper remedy. (*People ex rel. Deverell* v. *M. M. P. Union*, 118 N. Y. 108; *Matter of Gardner*, 68 N. Y. 467; *People* v. *N. Y. I. Asylum*, 122 N. Y. 190; *Hogan* v. *Bd. of Education*, 200 N. Y. 370; *People* v. *A. & S. R. R. Co.*, 57 N. Y. 161; *People ex rel. Demarest* v. *Fairchild*, 67 N. Y. 334.)

*Graham Sumner* for respondents. Mandamus is not the proper remedy for reinstatement of the relator as director. (*People ex rel. Lunney* v. *Campbell*, 72 N. Y. 497; *Green* v. *Knox*, 76 App. Div. 405; *People ex rel. N. Y. & Harlem R. R. Co.* v. *Board of Taxes*, 166 N. Y. 154; *Matter of Gardner*, 68 N. Y. 467; *People* v. *N. Y. Infant Asylum*, 122 N. Y. 190; *Nichols* v. *MacLean*, 101 N. Y. 526; *People* v. *Goetting*, 133 N. Y. 569; *People* v. *Brush*, 146 N. Y. 60; *People* v. *Police Comrs.*, 174 N. Y. 450; *People* v. *Bauer*, 137 App. Div. 66; *People* v. *Trustee*, 59 Hun, 204; 128 N. Y. 657.)

Chase, J. The relator, who had been elected a director of the defendant Atlantic Terra Cotta Company for a term which will not expire until January, 1912, has been removed from his office as a director as hereinafter stated, and another person has been elected to fill the alleged vacancy and he is now performing the duties as such director. The relator seeks by peremptory mandamus to set aside the proceedings by which it is alleged he was removed and to be reinstated in his office as a director.

The defendant Atlantic Terra Cotta Company is a domestic corporation organized in February, 1907, for the purpose of manufacturing and selling architectural terra cotta. Its certificate of incorporation provided for a board of three directors. Soon after the company was organized the number of directors was increased from three to twelve by unani-

mous consent of the stockholders, and the by-laws were amended to provide for a division of the directors into three classes of four directors each, and directors were thereafter elected for such terms respectively so that the term of office of four of such directors would expire each year. In January, 1909, the board of directors changed the general officers of the corporation by electing a new president, secretary and treasurer, general superintendent and general counsel. The relator was opposed to such changes, and it is alleged that he and those deposed from said offices were thereafter hostile to the new management.

Early in January, 1910, an amended certificate of incorporation, altering the original certificate of incorporation of the defendant corporation, was filed, by which there was included therein the following provision: "If the notice of any regular or special meeting of the Board of Directors shall contain a statement to the effect that the Board will at such meeting consider whether sufficient cause exists for the removal of some specified person from the office of director of the corporation, and if the Board, after consideration of such question, shall determine at such meeting by the affirmative vote of two-thirds of all the directors in office that sufficient cause exists for the removal of such person from such office, and that his removal is desirable and for the best interests of the corporation, and if such determination shall thereafter be approved and ratified at a duly called stockholders' meeting by the affirmative vote of the holders of two-thirds of the outstanding stock of the corporation, then such person shall immediately cease to be a director of the corporation, and the resulting vacancy in the Board of Directors shall be filled as provided in the by-laws."     :

Such alteration of the certificate of incorporation had been opposed by the relator, but it was authorized by a majority vote of the directors at a meeting held December 30, 1909, and by a vote of stockholders representing more than three-fifths of the capital stock at a meeting of stockholders called for that purpose and held December 24, 1909.

The annual meeting of the stockholders was called to be held January 21, 1910, and also a special meeting of the stockholders to be held January 19 for the purpose of reducing the number of directors of the company from twelve to six.

Before the meeting was held on January 19 a stockholder of the company brought an action to prevent such meeting being held upon the ground that a reduction in the number of the board of directors violated certain alleged contract rights specified in the complaint in that action. A temporary injunction was obtained. An appeal was taken to the Appellate Division from the order granting such temporary injunction, and the order was reversed and the motion denied. (*Bond* v. *Atlantic Terra Cotta Co.*, 137 App. Div. 671.) The annual meeting of stockholders was adjourned from time to time until May 18, and the special meeting of the stockholders for the purpose of reducing the number of directors was adjourned from time to time until April 26. On April 26, the order granting an injunction having been reversed and the motion having been denied, the special meeting of stockholders was held and the number of directors was reduced from twelve to six.

On May 7 a special meeting of the directors of the company was called for May 11, and included in the notice of such meeting was the following : "The board will at this meeting consider whether sufficient cause exists for the removal of William Manice from the office of director of the company." The meeting was, at the request of counsel for Manice, adjourned until the same hour on May 12.

At the meeting on May 12 the relator with his counsel and all the directors except one, and the general counsel of the corporation were present, and a resolution was offered of which the following is a copy : " Whereas, William Manice has participated in the organization of the Federal Terra Cotta Company, a competitor of this Company, and is now an officer and director of and otherwise interested in said Company, and

" Whereas, the conduct of said Manice has not in the

judgment of this Board been for the best interests of this Company,

"*Resolved and Determined*, that sufficient cause exists for the removal of said Manice from the office of Director of this Company and that his removal from such office is desirable and for the best interests of this Company."

Counsel for the relator objected to the consideration of the resolution upon the ground that the amendment to the certificate of incorporation providing for removal of directors did not apply to the relator, because he was a member of the board at the time it was passed and his term of office had not yet expired, and upon the ground that there was no by-law authorizing the procedure. Counsel for the corporation suggested that the objection be put in the form of a motion, and it was so offered as a resolution and defeated by a vote of eight to three.

Counsel for the relator then asked that inasmuch as the relator had then for the first time been apprised of the charges implied in the resolution, he should be allowed a reasonable time within which to confer with counsel and determine what answer to make to such charges. The chairman of the meeting asked relator's counsel what he considered a reasonable time, and suggested that the directors might be willing to allow him ten or fifteen minutes. Counsel for the relator replied that he meant by a reasonable time until Monday, May 16, 1910, which would mean four days. A motion was then made that the relator be granted a reasonable time, to wit, until Monday, May 16, to confer with counsel and determine what answer to make to such charges, but it was defeated. The resolution to remove Manice from the office of director was then carried. The meeting did not occupy more than five or ten minutes.

At the stockholders' meeting held May 18 four of the directors, two of those whose terms of office would expire in 1911, and two of those whose terms of office would expire in 1912 resigned, and but two were elected to take the place of those whose terms of office expired in 1910. The board then consisted of six directors, of whom, except for the removal

that we have mentioned, the relator was one of the class whose term of office would expire in 1912. At such stockholders' meeting a resolution was offered that all of the acts of the board of directors, including the determination of the board of directors that sufficient cause exists for the removal of William Manice from the office of director of the company and that his removal is desirable and for the best interests of the company, be approved and ratified. A resolution was then offered as follows:

"Whereas, the amendment of the certificate of incorporation adopted on or about the 24th December, 1909, which provided that the directors shall ' consider ' whether sufficient cause exists to remove a director and that if the board after such ' consideration ' shall ' determine ' that cause exists, contemplates the furnishing to the person charged with a copy of the charge made against him and giving him an opportunity to confer with counsel and a reasonable time to reply thereto and be heard in his own defense; and

"Whereas, in the case of Mr. Taylor and Mr. Manice neither of them have been furnished with a copy of the charge made against him and neither of them have ever been given an opportunity to reply thereto or to be heard before the board of directors in his own behalf;

"*Resolved*, that under the by-laws there has as yet been no proper or legal determination that a cause for the removal of either Mr. Taylor or Mr. Manice exists and that, therefore, under the by-laws the question as to the removal of either Mr. Taylor or Mr. Manice is not now properly before this meeting."

Such resolution was defeated. The counsel for the relator then asked that he be furnished with a copy of the charges made against relator, and he was told by the chairman of the meeting that the charges were incorporated in the resolution adopted at the meeting of the board of directors. A motion was then made to adjourn which was defeated. The resolution approving and ratifying the acts of the board of directors was then adopted by a vote of stockholders hold-

ing more than two-thirds of all the stock of the corporation. A meeting of the directors was held immediately after the adjournment of the stockholders' meeting on May 18, and a director was elected to fill the vacancy caused by the removal of the relator, and he is now acting as such director by alleged right of such election. The relator claims that his alleged removal is wholly illegal and void.

The learned justice at Special Term, in denying the motion for a peremptory mandamus, referring to the relator, said : "As a director he was but an agent of the corporation, and the principles of the law of agency were applicable to him. If wrongfully removed before the expiration of the period for which he was elected, he is entitled to recover if damages have resulted ; but he cannot insist upon being retained in a fiduciary relation towards the stockholders against the latter's wishes. The stockholders had the power to revoke the agency, though not the right."

In the reason so given for the denial of the motion we think the distinction between a person occupying an ordinary contract relation as an agent for a principal and a person elected for a specified term as a director of a private corporation was wholly overlooked.

" The board of directors of a corporation do not stand in the same relation to the corporate body which a private agent holds towards his principal * * *. In corporate bodies the powers of the board of directors are, in a very important sense, original and undelegated." (*Hoyt* v. *Thompson's Executors*, 19 N. Y. 207, 216 ; *Beveridge* v. *N. Y. E. R. R. Co.*, 112 N. Y. 1, 22, 23.)

While the ordinary rules of law relating to an agent are applicable in considering the acts of a board of directors in behalf of a corporation when dealing with third persons, the individual directors making up the board are not mere employees, but a part of an elected body of officers constituting the executive agents of the corporation. They hold such office charged with the duty to act for the corporation according to their best judgment, and in so doing they cannot be

controlled in the reasonable exercise and performance of such duty. As a general rule the stockholders cannot act in relation to the ordinary business of the corporation, nor can they control the directors in the exercise of the judgment vested in them by virtue of their office.

The relation of the directors to the stockholders is essentially that of trustee and *cestui que trust.* The peculiar relation that they bear to the corporation and the owners of its stock grows out of the inability of the corporation to act except through such managing officers and agents. The corporation is the owner of the property, but the directors in the performance of their duty possess it, and act in every way as if they owned it.

This court in *Bosworth* v. *Allen* (168 N. Y. 157), referring to directors, say: "While not technically trustees, for the title of the corporate property was in the corporation itself, they were charged with the duties and subject to the liabilities of trustees. Clothed with the power of controlling the property and managing the affairs of the corporation, without let or hindrance, as to third persons they were its agents, but as to the corporation, itself, equity holds them liable as trustees. (2 Pomeroy's Equity Jurisprudence, secs. 1061, 1063, 1088, 1097.)"

The relator occupied a position toward the corporation that was one of trust and responsibility. He was given power and authority to act not only substantially uncontrolled by the corporation, but he was not subject to discharge as an employee unless such right is vested in some court or body of persons by statute or in its articles of incorporation duly authorized by statute.

It would be somewhat startling to the business world if we definitely announced that the directors of a corporation were mere employees and that the stockholders of the corporation have the power to convene from time to time and remove at will any or all of the directors, although their respective terms of office have not expired.

It is and was prior to the amendment of said certificate of

incorporation provided by statute that an action may be maintained against a director of a corporation to procure a judgment suspending him from exercising his office if it appear that he has abused his trust or to remove him from office upon proof or conviction of misconduct. (General Corporation Law, sections 90 and 91; former sections 1781 and 1782 of the Code of Civil Procedure.) It is provided by section 307 of said General Corporation Law that a director shall not be suspended or removed from office by a court or judge otherwise than by the final judgment of a competent court in an action brought by the attorney-general as prescribed by said section 90 of that act.

The statute providing for an action in the name of the attorney-general to suspend or remove a director is not exclusive of such reasonable and lawful charter provision relating thereto as may be included in the articles of incorporation. Without some statute or provision of the charter authorizing his removal or suspension, a director cannot be removed or suspended from office until the end of his term, at least without cause. (Thompson on Corporations [2nd ed.], secs. 1084, 1085, 1086; Taylor on Corporations, sec. 649; Cook on Corporations, sec. 711; Morawetz on Private Corporations, secs. 541, 542.)

Upon the merits of the controversy presented by this appeal there are two important questions for consideration: 1. Whether the amendment of the certificate of incorporation contemplates the removal of a person as a director without a reasonable notice of the alleged sufficient cause for his removal and a reasonable opportunity for him to be heard upon the question whether his removal is desirable and for the best interests of the corporation.

2. Whether the relator had a reasonable notice of the alleged sufficient causes for his removal and a reasonable opportunity to be heard before the board of directors in relation thereto.

We shall not further discuss the merits of the relator's claim because we are of the opinion that his remedy, if any, is not by mandamus. The relator was elected a director

for a specified term prior to the amendment of the articles of incorporation. He asserts that he has been condemned without a hearing and removed summarily. He also claims that his removal was not in accordance with the rules of natural justice and that it should not be upheld by the courts. (*People ex rel. Bartlett* v. *Medical Society*, 32 N. Y. 187, 196; *People ex rel. Maloney* v. *Douglass*, 195 N. Y. 145.)

The board of directors elected a person to fill the alleged vacancy in the office of the board of directors and such person is in the actual occupation of such office claiming the right to hold the same by virtue of such election. The facts alleged present a clear case of two persons each claiming to be entitled to hold an office. The relator expressly alleges that he has been ousted therefrom and that the person in possession of the office holds the same *unlawfully*.

It is provided by section 1948 of the Code of Civil Procedure that the attorney-general may maintain an action upon his own information or upon the complaint of a private person in either of the following cases :

"1. Against a person who usurps, intrudes into, or unlawfully holds or exercises within the state, a franchise or a public office, civil or military, or an office in a domestic corporation."

The claim of the relator as stated in his affidavit brings him within the express language of the statute.

This court in *People ex rel. McLaughlin* v. *Police Commissioners* (174 N. Y. 450) held that the question as to which of two persons is entitled to the possession of an office where one of the two is in the actual possession and enjoyment of such office will not be tried in a mandamus proceeding. In that case the relator claimed that mandamus would lie because there was no serious question as to the title to the office and this court say that if such an exception was once created it would destroy the rule itself rendering uncertain that which is now certain.

The court further say : "If such an exception were established, no lawyer could safely advise his client whether

his remedy should be by direct action brought by the attorney-general, or in a proceeding by mandamus." (p. 465.) In that case the court reviewed the important authorities prior to that time and reached the conclusion stated.

It is unnecessary to refer again to such authorities, as the determination of the court in the *McLaughlin* case has been recognized by the courts as a correct statement of the rule of law since that time. It is suggested, however, that the *McLaughlin* case does not apply in this case because the court was then considering a question of public office in a municipality and the question now before the court is one as to the title to an office in a private corporation. The statute from which we have quoted (Code Civil Procedure, section 1948), applies not alone to a public office, civil or military, but to " an office in a *domestic corporation.*"

It matters not whether the action can be brought in the name of the People without a relator, as held in *People* v. *Ballard* (134 N. Y. 269), or whether it must be brought in the name of the People through a private person as a relator to provide security for the costs of the defendant, the action in this case is expressly provided for by the Code provision quoted and such an action has been frequently maintained.

The many cases in which the writ of mandamus is sustained to reinstate a person illegally removed from a membership corporation do not apply.

The action in the nature of a quo warranto affords a complete remedy to the relator if he is legally entitled to be reinstated and renders the proceeding by mandamus not only unnecessary but contrary to the recognized practice of the courts.

The Special Term and the Appellate Division were right, therefore, as a matter of law in refusing the writ, and the order should be affirmed, with costs.

Cullen, Ch. J., Haight, Vann, Willard Bartlett, His-cock and Collin, JJ., concur.

Order affirmed.