(80 Misc. Rep. 418.)

PEOPLE. ex rel. JAMERSON et al. v. JOHN et al.

(Supreme Court, Special Term, Erie County.　April 25, 1913.)

1. INDIANS (§ 32*)—COURTS—JURISDICTION.

The jurisdiction of the Indian Peacemakers' Court, established by Indian Law (Consol. Laws 1909, c. 26) § 46, authorizing the court to hear all controversies between any Indians residing on a reservation, whether arising on contracts or for wrongs, is wholly statutory, and the court may exercise no jurisdiction save such as is expressly conferred.

[Ed. Note.—For other cases, see Indians, Cent. Dig. §§ 4, 52, 53, 57, 58; Dec. Dig. § 32.*]

2. INDIANS (§ 32*)—COURTS—JURISDICTION.

Indian Law (Consol. Laws 1909, c. 26) § 46, providing that the Indian Peacemakers' Court has jurisdiction to hear controversies between Indians, arising on contracts or for wrongs, and particularly for any encroachment or trespass on land occupied by any one of them, describes the class of actions which are founded on contract or sounding in tort, and does not cover actions arising in equity or of an equitable character, where the judgment will provide for relief other than a money judgment, and the court has no power to determine contested elections of trustees of the Iroquois Agricultural Society, organized to promote agriculture among Indians.

[Ed. Note.—For other cases, see Indians, Cent. Dig. §§ 4, 52, 53, 57, 58; Dec. Dig. § 32.*]

3. INDIANS (§ 32*)—INFERIOR COURTS—JURISDICTION.

The Indian Peacemakers' Court, established by Indian Law (Consol. Laws 1909, c. 26) § 46, is a statutory local court, within Const. art. 6, § 18, prohibiting the Legislature from conferring on any inferior local court of its creation any equity jurisdiction, or any greater jurisdiction in other respects than is conferred on County Courts by the Constitution.

[Ed. Note.—For other cases, see Indians, Cent. Dig. §§ 4, 52, 53, 57, 58; Dec. Dig. § 32.*]

4. QUO WARRANTO (§ 31*)—CONTESTING ELECTIONS OF OFFICERS OF CORPORATIONS—STATUTORY PROVISIONS.

Under General Corporation Law (Consol. Laws 1909, c. 23) § 32, giving the Supreme Court jurisdiction over elections of corporations, and section 307, providing that an officer of a corporation shall not be removed from office otherwise than by judgment in an action by the Attorney General, and Code Civ. Proc. §§ 1948, 1983, abolishing the writ of quo warranto, and authorizing the Attorney General to maintain an action against a person unlawfully holding an office in a domestic corporation, title to office of a domestic corporation can only be determined by an action brought by the Attorney General, as a substitute for the old proceeding by quo warranto.

[Ed. Note.—For other cases, see Quo Warranto, Cent. Dig. § 38; Dec. Dig. § 31.*]

Application by the People, on the relation of Theodore F. Jamerson and others, against Willie John and others, for a writ of prohibition to restrain defendants, constituting the Peacemaker's Court, from proceeding in an action.　Writ granted.

Le Roy Andrus, of Buffalo, for relators.
Robert E. Congdon, of Gowanda, for defendants.

WHEELER, J. This proceeding is instituted for the purpose of obtaining from this court a writ of prohibition restraining the defendants, who constitute the Peacemakers' Court of the Seneca Nation of Indians of the Cattaraugus Reservation, from proceeding in a certain action commenced in said Peacemakers' Court against the relators.

It appears from the petition and return that the relators and defendants are all members of the Seneca Nation of Indians residing on the Cattaraugus Reservation in this state; that the Iroquois Agricultural Society is a corporation created by chapter 434 of the Laws of New York, passed May 5, 1863, and existing under that act and acts supplementary thereto. The objects and purposes of this corporation are the promotion of the science of agriculture, horticulture, arts, improvement of stock, improving and cultivating the tastes of Iroquois Indians and their descendants of the state of New York, and civilizing the same by means of addresses, essays, annual fairs, and prizes for meritorious productions in each department; that the officers of said corporation consist of 12 trustees, and from their number are elected a president, a secretary, and a treasurer.

The relators in their petition allege that they have been legally elected trustees of said corporation, at an annual election held in January, 1913, and duly qualified and are acting as such. The defendants contend, by their return, that they are the duly elected trustees of said society. A dispute has thus arisen between the parties as to who are entitled to the places as trustees of the society.

Thereupon Moses Shongo and his associates began an action in the Peacemakers' Court for the Cattaraugus Indian Reservation against the relators in this proceeding, alleging that they are the duly elected trustees of the society, and in and by their complaint in that action demand judgment:

"That these defendants are not, and neither of them are, entitled to the office of trustee of said agricultural society, that their election be declared null and void, and that these plaintiffs be declared duly elected trustees of said society, and entitled to all the books, papers and property of the same, and the defendants be ousted from usurping said office of trustee, and that they be compelled to deliver to these plaintiffs all the books, papers, and property of said society, and for the costs and disbursements of this action."

Thereupon the relators have instituted this proceeding, asking for a writ of prohibition restraining the Peacemakers' Court from taking any action, claiming that court has no power or authority to entertain jurisdiction of the matter under dispute, and that the questions involved can only be disposed of in a proper action in the Supreme Court of the state.

[1] The Indian Peacemakers' Court is established and exists by virtue of section 46 of the Indian Law (Consol. Laws 1909, c. 26). It provides that:

"The Peacemakers' Court of each such reservation shall have authority to hear and determine all matters, disputes and controversies between any Indians residing upon such reservation, whether arising upon contracts or for wrongs, and particularly for any encroachments or trespass on any land cultivated or occupied by any one of them, and which shall have been entered and described in the clerk's book of records; but they shall not take cognizance of any claim founded upon any debt or demand originally contracted

with any white man. * * * But the peacemakers shall in no case award more than one hundred dollars exclusive of costs, in favor of any party in any one complaint or suit."

By a later provision of the same section, the Peacemakers' Court on the Allegany or Cattaraugus Reservation is given exclusive jurisdiction to grant divorces between Indians residing on such reservation. The power and authority of the Peacemakers' Court is derived purely and solely from the legislative authority conferred by this section, and it can exercise no jurisdiction or powers save such as are expressly conferred upon it by statute. As was said by the writer of this opinion in the case of Hatch v. Luckman, 64 Misc. Rep. 515, 118 N. Y. Supp. 694, subsequently affirmed by the Appellate Division of this court, in a case arising on the Tonawanda Reservation:

"The sovereignty of the state attaches to and governs every foot of soil comprised within the reservation. The law of this state is supreme, and the Tonawandas, we think, can claim no sovereignty of their own superior to that of the state. The state from time immemorial has assumed to control and direct their affairs and legislate in reference to them, and its authority so to do has never been doubted or questioned. Where the Indians assert any peculiar rights or privileges, they must find authority for them in the legislation and laws of the state, and not by reason of their peculiar customs, or tribal existence from immemorial times."

[2] If section 46 of the Indian Law confers no jurisdiction on the Peacemakers' Court to hear and determine an action of ouster, such as that brought before it, it is then plain a writ of prohibition should issue. When we study section 46 of the Indian Law, it is quite apparent, notwithstanding the very general terms employed, that it was the plain intent of the Legislature to give the Peacemakers' Court no general equity jurisdiction, but to confine its jurisdiction generally to disputes where a money judgment can be rendered, and then only where the money judgment does not exceed $100 in amount. The language of the statute declares this Indian court shall determine "disputes and controversies, * * * whether arising upon *contracts* or for *wrongs,* and particularly for any encroachment or trespass on any land," etc. The fair construction of the language used is that it describes that class of actions commonly known as actions founded on contract and actions sounding in tort, and does not describe or cover that class of actions arising in equity, or of an equitable character, where the judgment rendered provides for other relief than a money judgment.

It will be noted that the same section confers the special authority to grant divorces among reservation Indians. If it had been the intention of the Legislature to confer jurisdiction upon the Peacemakers' Court in controversies of every possible nature arising between Indians on the reservation, there would have been no occasion to have particularly named actions for divorce, thus specifically giving an added power to the court which it would not otherwise enjoy. If we pursued our investigation no further, we are of the opinion that the very reading of the statute precludes the construction that the Legislature intended to confer, by section 46 of the Indian Law, any general equitable jurisdiction on the Peacemakers' Court. But there are other considerations which go to demonstrate that the relators are entitled to the relief asked.

[3] The Peacemakers' Court is a statutory local court created by legislative act. The Constitution of the state (article 6, § 18), provides: "The Legislature shall not hereafter confer upon any inferior local court of its creation any equity jurisdiction or any greater jurisdiction in, other respects than is conferred upon county courts by or under this article." There was the same prohibition in the Constitution of 1846. It would therefore seem plain that the Legislature had no power to confer jurisdiction or power such as is sought to be invoked in the Peacemakers' Court in this matter, and is an added reason why section 46 should be construed so as to be in harmony and not in conflict with the Constitution of the state. Certainly no justices of the peace or County Court possessed or possesses any such power. It was the evident intent of the Legislature to create and establish on each reservation a local court of limited jurisdiction, possessing somewhat the same general powers as those conferred on Justices' Courts in other parts of the state.

This brings us to the consideration of other questions involved in this case. Methods are provided by statute for the reviewing of contested elections of directors and trustees of corporations, none of which can be maintained in courts possessing such limited jurisdiction as is conferred on a Peacemakers' Court.

[4] Section 32 of the General Corporation Law (Consol. Laws 1909, c. 23) gives the Supreme Court power to act in such cases. It reads:

"The Supreme Court shall, upon the application of any person or corporation aggrieved by or complaining of any election of any corporation or any proceeding, act or matter touching the same, upon notice thereof to the adverse party, or to those to be affected thereby, forthwith and in a summary way hear the affidavits, proofs and allegations of the parties, or otherwise inquire into the matters or causes of complaint, and establish the election or order a new election, or make such order and give such relief as right and justice may require."

Again, section 1948 of the Code of Civil Procedure provides:

"The Attorney General may maintain an action upon his own information, or upon the complaint of a private person, in either of the following cases:

"I. Against a person who usurps, intrudes into, or unlawfully holds or exercises, within the state, a franchise or public office, civil or military, *or an officer in a domestic corporation.*"

Such an action is a substitute for the old proceeding by quo warranto and affords a complete remedy. People ex rel. Manice v. Powell, 201 N. Y. 202, 94 N. E. 634. It is held by the court that the title to such an office cannot be tested by mandamus proceedings. People ex rel. Manice v. Powell, 201 N. Y. 203, 94 N. E. 634; People ex rel. McLaughlin v. Police Com'rs, 174 N. Y. 450, 67 N. E. 78, 95 Am. St. Rep. 596.

In this connection, attention should be called to section 1983 of the Code of Civil Procedure, which abolishes the writ of quo warranto, and provides that "the relief formerly obtained by means of either of those writs may be obtained by action, where an appropriate action is prescribed by this act," which is given, as already shown, by section 1948. Section 1984 provides that such an action, unless otherwise prescribed, "must be brought in the name of the people of the state."

As was said in the case of People ex rel. Demarest v. Fairchild, 67 N. Y. 334:

"The language of the statutes authorizing actions in the nature of a quo warranto to try title to office is very guarded, and does not give the action as of right to every individual who may think that an office to which he has been legally chosen or appointed has been usurped by another, or who may volunteer to become an informer."

Again, it is provided by section 307 of the General Corporation Law that:

"A trustee, director, or other officer of a corporation shall not be suspended or removed from office, by a court or judge, otherwise than by the final judgment of a competent court, in an action brought by the Attorney General, as prescribed in section ninety of this chapter."

It has been repeatedly held that the title to public office can only be determined by an action brought by the Attorney General pursuant to the provisions of section 1948 of the Code of Civil Procedure. People, etc., v. Goetting, 133 N. Y. 569, 30 N. E. 968; People, etc., v. Brush, 146 N. Y. 60, 40 N. E. 502; People, etc., v. Drake, 43 App. Div. 330, 60 N. Y. Supp. 309. Seneca Nation of Indians v. Jimeson, 62 Misc. Rep. 92, 114 N. Y. Supp. 401. The Code makes it equally applicable to "an officer in a domestic corporation." Section 1948.

We think these references to the provisions of the Indian Law, the Code of Civil Procedure, of the General Corporation Law, and the decided cases, clearly demonstrate, not only that the Peacemakers' Court has no jurisdiction to entertain an action to determine the rights of the parties to the office in dispute, but also that such an action can be maintained only by the Attorney General of the state, either on his own motion or on the relation of another.

The writ is therefore granted, with $50 costs of the proceeding.