JOHN J. BECHTOLD, Plaintiff, *v.* JOHN H. STILLWAGON and Others, as Officers and Directors of NEW YORK BRASS FOUNDRY COMPANY, and NEW YORK BRASS FOUNDRY COMPANY, Defendants.

Supreme Court, Kings Special Term, July, 1922.

**Corporations — power to remove treasurer is vested in directors — General Corporation Law, § 11, subd. 5.**

A by-law of a corporation providing for the election of the treasurer by the stockholders is invalid. That power is by statute given the board of directors and they may remove the treasurer even though he was elected by the stockholders pursuant to the by-law.

APPLICATION for injunction.

*Wood, Molloy & France* (*Melville J. France,* of counsel), for plaintiff.

*John T. Booth,* for defendants.

CROPSEY, J. Plaintiff seeks to enjoin the directors of the defendant corporation from retiring him from his position as treasurer. His contention is that he was elected treasurer by the stockholders and, therefore, cannot be removed by the directors. The by-laws provide for the election of a treasurer and other officers by the vote of the stockholders. But the statute says that the directors of a stock corporation may appoint a treasurer and other officers. Stock Corp. Law, § 30. Every corporation is given power to make by-laws, but they must be " not inconsistent with any existing law " (Gen. Corp. Law, § 11, subd. 5); a by-law that is so incon-

sistent is invalid (*Matter of Keogh, Inc.*, 192 App. Div. 624, 630; *Raub v. Gerken*, 127 id. 42); as the power to elect a treasurer is by statute given to the directors, the power to remove him must likely be lodged with them. See *People ex rel. Manice v. Powell*, 201 N. Y. 194. The provision of the by-laws is ineffective. This action is not brought under section 172 of the General Corporation Law. Motion denied, with ten dollars costs.

Ordered accordingly.