In the Matter of J. HAROLD FLYNN, Petitioner, against ENSIGN RIBBON BURNERS, INC., et al., Respondents.

Supreme Court, Special Term, Westchester County, June 19, 1946.

*Bleakley, Platt & Walker* for respondents.

*Robert G. Fanelli* and *J. Lester Albertson* for petitioner.

SNEED, J. The proceeding is brought under article 78 of the Civil Practice Act to compel reinstatement of petitioner as a director of a domestic stock corporation, from which office, his petition alleges, he was illegally removed before the expiration of his term of office.

Motion is made for dismissal of the petition as a matter of law upon the grounds that the petition and attached affidavit of petitioner's attorney do not state facts sufficient to warrant the relief sought, and that the court does not have jurisdiction of the subject matter of the proceeding.

The petition and affidavit state that petitioner is a stockholder of the respondent corporation and was at its annual meeting of stockholders held January 8, 1946, duly elected a director for the year 1946; that at a special meeting of stockholders held on March 18, 1946, respondent William Ensign, as majority stockholder, caused a resolution to be adopted, over the dissent of all other stockholders, which arbitrarily, illegally and without cause or justification removed petitioner from the board of directors of the corporation. The resolution, so adopted, is set forth in the above-mentioned affidavit. It recites that petitioner had been removed as vice-president and sales manager of the corporation by the board of directors after due notice and hearing, that for sufficient cause and for the best interests of the corporation "he is hereby removed and dismissed as a director of this company effective as of today, March 18, 1946".

The question presented is whether a proceeding under article 78 of the Civil Practice Act is available to petitioner to compel reinstatement. Under that article the relief obtained by mandamus prior to its adoption is now to be obtained under its provisions. The question is, therefore, resolved into whether or not prior to the adoption of article 78 of the Civil Practice Act the petitioner here would have been entitled to mandamus.

No authority has been cited holding that mandamus is a remedy available to an illegally ousted director or officer of a stock corporation, though it has been repeatedly held available to compel action by a membership corporation. The case of *Matter of Allied Fruit & Extract Co., Inc.* (243 App. Div. 52), though indeed dealing with a stock corporation, is not such an authority, for in that case it was held that the peculiar formation of the corporation (the combining of several similar businesses under an agreement to form the corporation and issue its stock to the owners of those businesses, under conditions and terms expressed in the agreement) presented a situation analogous to that of a membership corporation, with the petitioner therein seeking reinstatement as a member.

In *People ex rel. Manice* v. *Powell* (201 N. Y. 194), where the facts were similar to the case at bar, except that the vacancy in the board of directors had been filled by another, the Court of Appeals, by CHASE, J., stated (p. 204): "The many cases in

which the writ of mandamus is sustained to reinstate a person illegally removed from a membership corporation do not apply." In that case it was held that, as the claim was made that the office in the corporation had been usurped, an action under section 1948 of the Code of Civil Procedure (now Civ. Prac. Act, art. 75) could be maintained, and stated (p. 204): "The action in the nature of a quo warranto affords a complete remedy to the relator if he is legally entitled to be reinstated and renders the proceeding by mandamus not only unnecessary but contrary to the recognized practice of the courts."

Though I am unwilling to hold that the court would not have had jurisdiction by mandamus, and hence have jurisdiction under article 78 to enforce a duty imposed upon a stock corporation where the right to performance of that duty is so clear as not to admit of a reasonable doubt or controversy, yet, even then the right to mandamus would be discretionary with the court. (*Matter of Donner-Hanna Coke Corporation*, 212 App. Div. 338, affd. 241 N. Y. 530.)

Whenever the petitioner has any other adequate remedy, unless his right to enforcement is as clear as above stated, the courts seem to have uniformly held that mandamus was inappropriate. (*Durant* v. *Whedon*, 201 App. Div. 196; *Matter of Ottinger* v. *Voorhis*, 213 App. Div. 561, affd. 241 N. Y. 49; *Matter of Brooklyn Improvement Co.* v. *Pounds*, 174 App. Div. 448, 451.) In *Matter of Weidenfeld* v. *Keppler* (84 App. Div. 235) the court stated (p. 240): "Where there is a duty imposed by statute upon an unincorporated association, then upon refusal to discharge such statutory duty the court, on a showing that there is no other adequate remedy for its enforcement, would no doubt allow the writ of mandamus. This, however, is not such a case; and although the court has undoubted jurisdiction and power, it will never assume to use it for the purpose of extending the writ beyond the prescribed limitations * * *."

In the instant case, where the ouster of the petitioner as a director is stated by the resolution, presented with the petition, to have been for sufficient cause, it cannot be held that the corporate action so clearly violated his rights " as not to admit of doubt or controversy "; and where it is clear that petitioner has an adequate remedy by action (*Fells* v. *Katz*, 256 N. Y. 67), it is not an instance where the relief sought could have been obtained by mandamus before the adoption of article 78 of the Civil Practice Act.

Respondents' objection in point of law is sustained and the **petition dismissed. Submit order.**