■ MARTIN LEWIS, Petitioner, and LEONARD D. LEWIS, Appellant, v. JOSEPH STEINHART et al., Respondents.— Judgment (erroneously denominated an order), Supreme Court, New York County, entered on May 25, 1972, denying petitioner's requested relief for a declaration declaring null and void and ineffectual a special meeting of the shareholders and directors of respondent, Franklin-Beacon Specialties Corp., and granting respondents specific performance of an alleged contract of sale, reversed, on the law and the facts, and the petition is granted to the extent of declaring invalid the meeting of directors held on March 20, 1972, and further declaring the corporate respondent's acceptance of Martin Lewis' offer not to have occurred. Appellant shall recover of respondents $60 costs and disbursements of this appeal. It is clear, as the court below observed at Special Term, that the meeting under attack in this proceeding did not possess the necessary quorum and affirmative votes required by the corporate charter and by-laws. The judgment below, and respondents' position, fails to give adequate recognition to the fact that stockholders, even as a body, cannot make contracts for the corporation where the management is vested in the board of directors. (Fletcher, Cyclopedia of Corporations, § 5736; *People ex rel. Manice v. Powell*, 201 N. Y. 194, 201; *Beveridge v. New York Elevated R. R. Co.*, 112 N. Y. 1, 22, 23.) Martin Lewis, as an interested director within the meaning of section 713 (subd. [a], par. [1]) of the Business Corporation Law could not have voted in his capacity as such for acceptance of his offer at the challenged joint meeting of shareholders and directors, even if he was present at the meeting, which he was not. Consequently, inasmuch as Leonard Lewis did not vote to effectuate the attempt to make a contract to purchase Martin Lewis' stock from him, the attempt by the remaining two directors to effectuate a contract was void and invalid as violative of the corporation's charter and by-laws, which call for supermajority representation for a quorum and supermajority action for corporate action. Leonard Lewis, the petitioner-appellant (the fourth director), having

absented himself from the meeting, the requisite 75% vote of directors was unattainable, we find no basis for any claim of estoppel against Leonard Lewis, who had indicated prior to the meeting, that if he did attend the meeting, he would vote against the acceptance of Martin Lewis' offer by the corporation. Concur — Stevens, P. J., McGivern, Markewich and Eager, JJ.; Steuer, J., dissents in the following memorandum: I cannot agree. The corporation was formed from the merger of two companies pursuant to an agreement among the four individual parties to this action, two of whom (the Lewis brothers) owned the stock of one of the companies, and two of whom (Steinhart and Simon) owned the other. These four were the directors. The agreement among them provided that if any of the four desired to withdraw from the enterprise he must offer his stock pro rata to the other three and, failing acceptance, to the corporation, which had 90 days in which to accept or reject. In the event of failure to accept, the corporation was to be dissolved. A major difference arose between the two groups and Martin Lewis offered his stock proportionally to the other three. His brother refused, and then, in accord with the agreement, Martin offered his stock to the corporation. The meeting under review here was called to accept that offer. Neither of the Lewis brothers attended. They now claim that because of their absence there was no quorum and no valid vote to accept the offer. Admittedly the by-laws require the attendance of three directors to constitute a quorum and the affirmative vote of three to transact any business. As the majority indicates, such provisions are entirely legal. However, such provisions should not be interpreted to permit the corporate business to be paralyzed or the carrying out of the corporate purpose to be frustrated. Here the action taken by the Lewis brothers was meant to nullify the provision for the continuance of the corporation by sale and purchase of the stock of withdrawing members, and to force dissolution, which cannot be in the corporate interest. Here the three-fourths vote is not being insisted on to carry out the expressed intent of the founders of the corporation but to frustrate that intent. I do not believe it should be interpreted to allow such a result, and the decision of Special Term should be affirmed.