MOLLIE KASSEL, as Administratrix, etc., of VICTOR KASSEL, Deceased, Respondent, v. EMPIRE TINWARE COMPANY, and SAMUEL BREAKSTONE and PAUL GLASSER, Individually and as Directors of the EMPIRE TINWARE COMPANY, Appellants.

Second Department, May 11, 1917.

Corporations — pleading — sufficiency of complaint in action to compel directors to declare dividends fraudulently withheld from plaintiff in violation of express contract — authority of directors to determine amount of dividends — fraud — fiduciary relation of directors to stockholders — constructive fraud by directors — control of power and discretion of directors by agreement between themselves — Supreme Court — jurisdiction.

A complaint which alleges that the plaintiff's intestate and the two individual defendants had executed a written contract reciting that they owned all the capital stock of the defendant company in equal shares; that it was then worth a certain amount; that upon the death of any party to the agreement within five years his stock should become the absolute property

of the other parties, the certificate to be retained by the personal representative of the deceased as security; that the survivor should pay therefor the amount stated in specified installments, and that pending payment " all dividends that may be declared by the corporation and earned by virtue of the ownership of the certificate of stock," etc., should be divided between the personal representative of the deceased and the survivors, in the proportion " that their respective interests in the certificate in question bear to each other," and which further alleges that after the death of plaintiff's intestate defendants paid to plaintiff the first installment; that although since the time of the death of the plaintiff's intestate the net earnings of the corporation have been very large, the defendants have refused to declare dividends in accordance with a scheme to withhold the earnings of the company until plaintiff's stock shall be paid for and so defraud the plaintiff, states a cause of action.

The authority of directors to determine what dividends shall be declared does not confer on them the power to commit a fraud.

Directors hold a fiduciary relation to the stockholders.

It is constructive fraud for directors to use their power for their own benefit.

The exercise of the power and discretion of directors owning all the capital stock of a corporation may be controlled by valid agreement between themselves, where the interests of creditors are not affected.

The Supreme Court has jurisdiction to compel the defendants, as directors, to declare dividends in order to prevent them from abusing their power to the injury of the plaintiff.

Such an action may be maintained on the analogy of a suit for specific performance of the express contract between them.

SEPARATE APPEALS by the defendants, Empire Tinware Company and Samuel Breakstone and another, from two orders of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 16th day of March, 1917, denying their separate motions for judgment on the pleadings, consisting of an amended complaint and the answers thereto.

*Louis Rosenberg* [*Maxim Birnkrant* with him on the brief], for the appellants.

*Benjamin Reass* [*Louis L. Quasha* with him on the brief], for the respondent.

BLACKMAR, J.:

The question before the court is whether the complaint states facts sufficient to constitute a cause of action. The complaint alleged that the plaintiff's intestate and the indi-

vidual defendants owned all the capital stock of the defendant corporation; that the amount issued was $24,000 in par value, of which each owned $8,000; that on February 17, 1912, the three parties made a formal written contract which, after reciting that they owned in equal shares all the capital stock of the company; that the amount in par value owned by each was $8,000 but that it was then worth $12,000, and that each was desirous of securing the stock of the other in case of his death, provided that upon the death within five years of any party to the agreement his capital stock of the par value of $8,000 should become the absolute property of the other parties, the certificate, however, to be retained by the personal representative of the deceased as collateral security for the payments therein covenanted and agreed to be made by the other parties; that the survivors should pay therefor the sum of $12,000 in the following installments: $1,000 thereof within three months, with six per cent interest from the date of death of deceased, and thereafter $500 semi-annually with six per cent interest until the whole $12,000 should be paid. The contract then provided that pending the payment for the stock " all dividends that may be declared by the corporation and earned by virtue of the ownership of the certificate of stock," etc., should be divided between the personal representative of the deceased and the survivors in the proportion " that their respective interests in the certificate in question bear to each other, the interest so to be determined by crediting the survivors with the amount paid thereon and the personal representative of the decedent with the amount still due and owing." The complaint further alleged that plaintiff's intestate died on July 22, 1916; that defendants paid to plaintiff the sum of $1,180 as a first payment on October 20, 1916; that at the time of the death of plaintiff's intestate " and for the period of time thereafter down to and including the present " the earnings of the corporation over and above all debts and liabilities equalled or exceeded the sum of $100,000, and that the defendants have refused to declare dividends in accordance with a scheme to withhold the earnings of the company until plaintiff's stock shall be paid for, and so defraud the plaintiff out of her share of the earnings of the company.

We think that the complaint states a cause of action. It was the evident intent of the parties that the plaintiff, as representative of the deceased stockholder, should share in the profits of the business during the twelve years which should elapse before the stock should be fully paid for. The contract expressly provides, not only for a division of the dividends declared, but of those " earned by virtue of the ownership of the certificate of stock." Although it is not accurate to speak of " earnings " as dividends, yet the meaning is plain; it was to continue to the personal representative of the deceased stockholder the right to participate in " earnings." It was not the intent that the surviving owners should determine the amount to be paid the plaintiff and so be the judges in their own case. The use of the word " earned " furnishes the test of the meaning of the contract. It was the obvious intent of the parties that plaintiff should receive her share of the earnings of the corporation, and the contract imposed on the defendants, the surviving directors of the company, the duty to the plaintiff to declare those earnings in dividends, and share the same with her. The rule of law which confides to the directors of a corporation the power to determine what dividends shall be declared, will not avail to confer on them the power to commit a fraud. (*Smith* v. *Moore*, 199 Fed. Rep. 689, and cases there cited.) The directors hold a fiduciary relation to the stockholders. (*Bosworth* v. *Allen*, 168 N. Y. 157, 165.) For a trustee to abuse his power to his own benefit is a constructive fraud, and the same principle is applicable to the conduct of directors of a corporation. In this case a fiduciary relation existed between the defendants as directors and the plaintiff. Although the contract provides that the stock should, on death of one of the parties thereto, become the absolute property of the other parties, yet it was to be held by the representative of the deceased as collateral security for the payments to be made including those derived from the earnings of the company; and in-the provision securing to such representative a share in the dividends declared and " earned " it is expressly provided that it is to be divided in proportion to their " interests " in the stock. The representative of the deceased has such an interest in the stock as enables her to secure compliance

with the provisions of the contract. As the parties to the action are the complete owners of the corporation, there is no reason why the exercise of the power and discretion of the directors cannot be controlled by valid agreement between themselves, provided that the interests of creditors are not affected. (*Groh's Sons* v. *Groh*, 80 App. Div. 85; *Spencer* v. *Lowe*, 198 Fed. Rep. 961; *Fougeray* v. *Cord*, 50 N. J. Eq. 185; *Logan* v. *New York Sugar Refining Co.*, 176 App. Div. 660.) If it be necessary to compel the defendants as directors to declare dividends in order to prevent them from abusing their power to the injury of the plaintiff, we think this court has power to make such a judgment. (*Hiscock* v. *Lacy*, 9 Misc. Rep. 578, and cases there cited.)

This action may be maintained on the analogy of a suit for specific performance of the contract.

The orders should be affirmed, with ten dollars costs and disbursements.

JENKS, P. J., STAPLETON, MILLS and PUTNAM, JJ., concurred.

Orders affirmed, with ten dollars costs and disbursements.