Rose Wygod et al., Appellants, *v.* Makewell Hats, Inc., et al.,
Respondents.

First Department, December 21, 1942.

*Mortimer Ratner* of counsel (*Sidney M. Wittner,* attorney), for appellants.

*A. D. Barsay* of counsel (*Samuel L. Teitler* with him on the brief; *Newman, Hauser & Teitler,* attorneys), for respondents.

UNTERMYER, J.   The appeal is from two orders, the first of which dismisses the complaint as insufficient in law, with leave to serve an amended complaint.   The second order dismisses the first cause of action contained in the amended complaint, absolutely, pursuant to rule 112 of the Rules of Civil Practice, on the ground that it fails to allege facts sufficient to constitute a cause of action.   The original complaint having been superseded by the amended complaint, the appeal from the earlier order should be dismissed.

The first cause of action set forth in the amended complaint is based on an oral extension of a written contract (Exhibit A annexed to the amended complaint), which provides for equality of control and for the management of the corporate defendant, all of whose stock was owned by the parties to the action.   This equality of control is assured by means of the election of two directors for the plaintiff and two directors for the individual defendants.   The agreement also  provides for the election by the directors of certain officers of the corporation, including the plaintiff Max N. Wygod and one Adolph Haas, and specifies their duties and salaries.   To effectuate those purposes, the agreement provides for a voting trust in the following terms: " It is the  sense of this agreement that notwithstanding the fact that the parties of the First and Second Part are the owners of a greater number of shares of the Corporation than the party of the Third Part, that the management of the Corporation shall be equally divided between the Parties of the First and Second Part on the one hand and the Party of the Third Part on the other.   To effectuate such purpose the parties hereto do hereby agree to execute simultaneously herewith a voting trust agreement the principal object of which shall be to carry out the terms and provisions of this contract generally, and for all of the stockholders of this corporation to elect a board of four (4) directors of which two directors shall be the personal choice of the parties of the First and Second Part and two directors shall be the personal choice of the Party of the Third Part."

The agreement, executed on July 7, 1939, and the voting trust for which it provides, continued until January 1, 1941. The complaint alleges that "prior to the expiration of said agreement and on or about the 31st day of December, 1940, plaintiffs and defendants, for a valuable consideration, agreed to and did renew and extend said agreement for a further period of one year from the expiration thereof." It is conceded that this extension was not in writing. The complaint alleges that the defendants in violation of their agreement and the oral extension have seized control of the corporation by electing a majority of directors controlled by them and have removed the individuals whom they had agreed to retain in office, thereby excluding the plaintiffs from the management of the corporation.

The Special Term has held that because the contract provides for the execution of a voting trust which the statute (Stock Corporation Law, § 50; Cons. Laws, ch. 59) requires to be in writing, the alleged extension is unenforceable (*Goldsmith* v. *Tolk,* 138 App. Div. 287; *Deutsch* v. *Textile Waste Merchandising Co.,* 212 App. Div. 681) and renders unenforceable the entire contract for joint control of the corporation.

Assuming, without deciding, that the plaintiffs may not enforce the oral extension of the voting trust, we think that this does not preclude the enforcement of the other provisions of the contract as extended by the parties. The defendants do not assert that the agreement for joint control and management of this close corporation is otherwise illegal (*Clark* v. *Dodge,* 269 N. Y. 410) or within the Statute of Frauds. (Personal Property Law, § 31, subd. 1; Cons. Laws, ch. 41; *Prokop* v. *Bedford Waist & Dress Co., Inc.,* 187 App. Div. 662.) They limit themselves to the contention that the provisions for a voting trust could not be orally extended and that the invalidity of those provisions renders unenforceable the entire contract of which they form a part.

We think those provisions of the contract which stipulate for equality of control and for the management of the corporation are severable from those which provide for the execution of a voting trust which have been held to be unenforceable. The voting trust, by which the parties desired " to effectuate " their purpose, was only a means or instrumentality for the control and management of the corporation, which was the primary object of the contract. Since that purpose is possible of fulfillment by the enforcement of the other provisions of the contract, the intention of the parties should not unnecessarily be frus-

trated merely because one method of attaining that result cannot be made effective. (*Saratoga State Waters Corporation* v. *Pratt,* 227 N. Y. 429; *Central New York Telephone and Telegraph Co.* v. *Averill,* 199 N. Y. 128; *Kittinger* v. *Churchill Evangelistic Association, Inc.,* 244 App. Div. 876.)

In No. 12470 the order and judgment should be reversed, with costs and the motion to dismiss the further amended complaint denied. In No. 12469 the appeal should be dismissed.

MARTIN, P. J., TOWNLEY, COHN and CALLAHAN, JJ., concur.

Order entered October 30, 1941, granting defendants' motion to dismiss the first cause of action in the further amended complaint, and the judgment entered thereon, unanimously reversed, with costs and the motion to dismiss the further amended complaint denied. Appeal from order entered April 23, 1941, granting defendants' motion to dismiss the complaint, unanimously dismissed.