In the Matter of DAVID A. BUCKLEY, JR., Petitioner.
WILDEY C. RICKERSON, as Chairman of the Board of Directors of the Unexcelled Manufacturing Company, Inc., Respondent.

Supreme Court, Special Term, New York County, August 28, 1944.

*David V. Cahill* for petitioner.

*Julien T. Davies* and *John W. Burke, Jr.*, for respondent.

FRANKENTHALER, J. This is a special proceeding under section 25 of the General Corporation Law to declare null and void the attempted election of respondent, Rickerson, as Chairman of the Board of Directors of Unexcelled Manufacturing Company, Inc., in the place and stead of petitioner.

Petitioner was elected Chairman of the Board of Directors for a period of one year at a meeting of the board held on or about April 3, 1944. A by-law adopted by the *stockholders* on March 18, 1941, provided that " the Board of Directors may remove at their pleasure any officer *with the exception of the Chairman of the Board* or the President." (Italics supplied.) At a meeting of the board of *directors* held on July 28, 1944,

this by-law was amended to provide that *all* officers, *without any exceptions,* were to serve during the pleasure of the board and were to be subject to removal by the directors, with or without cause. On the basis of the amended by-law the Board of Directors at the meeting of July 28th adopted resolutions removing petitioner as Chairman of the Board and electing Rickerson " to fill said office for Mr. Buckley's unexpired term." In order to cure possible attack upon the validity of the amendment because the proposed amendment was not set forth in the call and notice of meeting, another directors' meeting was held on proper call and notice on August 4, 1944. At this meeting an amendment authorizing the directors " by a majority of a quorum " to remove all officers " with or without cause " was adopted and the acts and proceedings of the Board at the July 28th meeting (including petitioner's removal as Chairman of the Board) were ratified. The parties have stipulated in open court that the proceedings at the meeting of August 4th shall be given retroactive effect and that the present application should be decided as if the meeting of August 4th had taken place prior to the institution of the instant proceeding.

Petitioner's removal concededly without cause, as far as the record now before the court shows, was clearly a violation of the by-law adopted by the stockholders on March 18, 1941. Respondent maintains that the removal was, however, proper under the amended by-laws adopted at the directors' meetings of July 28th and August 4th. Under section 1 of article VII of the by-laws, as it read at the time of said directors' meetings, the by-laws were subject to amendment, repeal, or alteration, in whole or in part, " by a majority vote of the Board of Directors or by a majority vote of the entire outstanding stock." If this language be interpreted literally the directors had the power to eliminate the restriction imposed by the stockholders upon the right which the directors would otherwise have had to remove the Chairman of the Board without cause. It is difficult, however, to believe that it was the intention of the stockholders to permit the directors to amend the stockholders' by-laws as to matters limiting the directors' own powers. " Authority given to the board of directors to alter or amend bylaws of the corporation must be so construed as to restrict them from altering or annuling a bylaw imposing a limitation on their powers." (13 Am. Jur., Corporations, § 153, p. 285; *Stevens et al.* v. *Davison,* 18 Gratt. [Va.] 819.) In the cited case the sixth by-law provided that no franchise contract should be made except with the approval of a majority of the stock-

holders at a general meeting of the stockholders. The eighteenth by-law provided that the by-laws might be altered or amended by an affirmative vote at any regular meeting of directors and the approval of the board at the next regular meeting. The court said (p. 827) : " And the court is further of opinion, that although, by the eighteenth article of the by-laws of said company, authority is given to the board of directors to alter or amend any of the said by-laws, the said board had no authority, under the said by-law or otherwise, to disregard or to alter the said provision of the sixth by-law, which was intended to impose a limitation upon the powers of the board of directors.'' That by-laws adopted by directors should be subordinate to those adopted by stockholders is clearly the legislative intent. Thus subdivision 5 of section 14 of the General Corporation Law provides that '' By-laws duly adopted at a meeting of the members of the corporation shall control the action of its directors except as therein otherwise provided '' and section 27 of the General Corporation Law empowers the board of directors to enact by-laws '' Subject to the by-laws, if any, adopted by the members of the corporation ''. In the absence of language clearly and unequivocally indicating that the stockholders intended the power to amend by-laws conferred upon the directors to extend to by-laws adopted by the stockholders which limit the powers of the directors it would seem that the directors possessed no such power. The court accordingly holds that the directors' by-laws authorizing the removal of the Chairman of the Board without cause were invalid and void.

There remains for consideration respondent's contention that the stockholders' by-law was invalid insofar as it purported to prohibit the directors from removing the Chairman of the Board without cause. Section 60 of the Stock Corporation Law provides that directors may remove " *at pleasure* " officers appointed or elected by them. The statute clearly authorizes directors to remove corporate officers without cause. (See *Bussing* v. *Lowell Film Productions, Inc:,* 233 App. Div. 493, 494, affd. 259 N. Y. 593; *In Re Paramount Publix Corporation,* 90 F. 2d 441, 444.) In this respect there is a distinction between officers and directors for there is no similar statutory provision relating to the removal of directors. *Matter of Korff* (198 App. Div. 553), which applied the same rule to officers as governs the removability of directors, must be considered in the light of the fact that the statutory provision that directors might remove officers at their " pleasure " was not called to the court's attention in the briefs submitted to it. Examination of the record

on appeal reveals that the appellant's statement that there was no statute permitting removal of officers without cause was left unchallenged by the respondent. *Matter of Allied Fruit & Extract Co., Inc.* (243 App. Div. 52) merely followed the decision in *Matter of Korff* (*supra*).

Does it follow that the stockholders had no legal right to adopt a by-law which, in effect, provided that the directors could not remove the Chairman of the Board without cause? In *McQuade* v. *Stoneham* (263 N. Y. 323) three stockholders entered into an agreement that they would use their best efforts to continue themselves as directors and officers of the company at specified salaries, which were not to be changed, as long as any of the parties continued to own the shares of stock held by him at the time of the agreement. This agreement was held illegal. Chief Judge POUND, writing for the court, said (p. 328–329): " Although it has been held that an agreement among stockholders whereby it is attempted to divest the directors of their power to discharge an unfaithful employee of the corporation is illegal as against public policy (*Fells* v. *Katz, supra*), it must be equally true that the stockholders may not, by agreement among themselves, control the directors in the exercise of the judgment vested in them by virtue of their office to elect officers and fix salaries. Their motives may not be questioned so long as their acts are legal. The bad faith or the improper motives of the parties does not change the rule. (*Manson* v. *Curtis*, 223 N. Y. 313, 324.) Directors may not by agreements entered into as stockholders abrogate their independent judgment. (*Creed* v. *Copps*, 103 Vt. 164; 71 A. L. R., Annotated, p. 1287.) "

It is to be noted that the stockholders' by-law in the case at bar did not attempt to curtail the power of the board of directors to remove an unfaithful officer, i. e., an officer for whose removal there was cause. The by-law in question sought merely to prevent the directors from removing the Chairman of the Board *without cause*.

In *Clark* v. *Dodge* (269 N. Y. 410) a stockholders' agreement was held legal though it obligated the parties, as directors, to continue one of them as general manager as long as he should be " faithful, efficient and competent ". Recognizing that section 27 of the General Corporation Law entrusting the management of the business of corporations to their directors, was the statutory norm, Judge CROUCH, writing for a unanimous court, asked (p. 415): " Are we committed by the *McQuade* case to the doctrine that there may be no variation, however

slight or innocuous, from that norm where salaries or policies or the retention of individuals in office are concerned?" After stating that there was ample authority for such a doctrine the opinion goes on to say (p. 415): "Apart from its practical administrative convenience, the reasons upon which it is said to rest are more or less nebulous. Public policy, the intention of the Legislature, detriment to the corporation, are phrases which in this connection mean little. Possible harm to *bona fide* purchasers of stock or to creditors *or to stockholding minorities* have more substance; *but such harms are absent in many instances*. If the enforcement of a particular contract damages nobody — not even, in any perceptible degree, the public — one sees no reason for holding it illegal, even though it impinges slightly upon the broad provisions of section 27. Damage suffered or threatened is a logical and practical test, and has come to be the one generally adopted by the courts." (Italics supplied.) Although the parties to the agreement in *Clark* v. *Dodge* (*supra*) owned all the stock of the corporation therein involved and there is some discussion of authorities upholding agreements between all the stockholders conflicting to some extent with the statutory duties of directors to manage corporate affairs, the italicized language indicates that even where there are "stockholding minorities" an agreement infringing slightly upon the provisions of section 27 will be held legal if its enforcement "damages nobody." Had the court intended to base its decision solely upon the fact that all the stockholders were parties to the agreement it could easily have done so without expressing the opinion that agreements which deviated slightly from section 27 were nevertheless legal if they harmed no one. That the Court of Appeals did not intend to predicate its holding solely upon the fact that all the stockholders were parties to the agreement is confirmed by the fact that the court disapproved of the "broad dicta in the *McQuade* opinion" (p. 417) and declared that "the broad statements in the *McQuade* opinion, applicable to the facts there, should be confined to those facts" (p. 417). What the court seems to have meant by this statement is that the language of Chief Judge Pound in the *McQuade* case (263 N. Y. 323, *supra*) regarding the illegality of agreements by stockholders to control the judgment of the directors should have been confined to the agreement there considered which provided not merely for the continuance of certain persons as officers as long as they proved faithful and efficient but rather for their continuance in office at unchanged specified salaries as long as they kept their stock

Thus, in distinguishing the case before it from the *McQuade* case the opinion of Judge CROUCH does not even mention the fact that the agreement in the *McQuade* case was entered into by less than all the stockholders. The *McQuade* case is differentiated on the ground that (p. 417) "There was no attempt to sterilize the board of directors, as in the *Manson* and *McQuade* cases." In the *McQuade* case not all of the stockholders were parties to the agreement and yet the statements therein made as to stockholders having no right to invade the powers of the directors were deemed in *Clark* v. *Dodge* (269 N. Y. 410, *supra*) to have been too broad. The gist of the holding in *Clark* v. *Dodge* is to be found in the concluding paragraph of the opinion (p. 417): "If there was any invasion of the powers of the directorate under that agreement, it is so slight as to be negligible; and certainly there is no damage suffered by or threatened to anybody."

If an agreement that directors are to continue a person as officer as long as he shall be faithful, efficient and competent is legal and valid, it must follow that a by-law that directors are not to remove a person from office without cause is likewise legal and valid as an equally harmless and slight infringement upon the provisions of section 27 of the General Corporation Law and section 60 of the Stock Corporation Law. The agreement to continue the plaintiff in the *Clark* case (*supra*) in office as long as he should be faithful, efficient and competent in effect prohibited the directors from removing him at their pleasure and thus is legally equivalent to the by-law in the case at bar which forbids the directors from removing the Chairman of the Board without cause.

The court accordingly holds that petitioner's removal as Chairman of the Board was illegal because effected without cause in violation of the by-law requiring cause for his removal adopted by the stockholders and never validly amended by the directors.

The motion is granted to the extent of declaring that petitioner is the Chairman of the Board and that Rickerson's election as Chairman was illegal, null and void.

Settle order.