In the Matter of the Estate of TONY BLOCK, Deceased.

Surrogate's Court, Bronx County, March 18, 1946.

*Emanuel Schwartz* for Minnie Block, petitioner.

*Solomon Millendorf* for Maurice Block and another, respondents.

HENDERSON, S. This is a proceeding by one of the trustees nominated by the testator in his last will and testament, to remove her two cotrustees.

The decedent herein died on the 2d day of September, 1943, survived by his widow, the petitioner herein. His brother is one of the respondents.

Prior to the 26th day of October, 1939, the decedent and his three brothers, Wolfe, Herman and Maurice, the respondent herein, were the sole members of a copartnership in the business of importing bristles. On October 26, 1939, such business was incorporated under the firm name of Block Bros., Inc.

Upon incorporation, one hundred shares of stock were issued as follows: forty shares to Wolfe Block, forty shares to the

decedent Tony Block, ten shares to Herman Block and ten shares to the respondent Maurice Block.

At the time of the issuance of the stock, the decedent and his three brothers as the sole stockholders, executed an agreement dated November 1, 1939, with respect to the sale and disposition of their shares of stock in the corporation. Among other things, this agreement provided as follows: " In the event of the death of any of the parties, the survivors shall have the right * * * to purchase the stock of the deceased * * *. If the surviving parties do not elect to purchase the shares of the deceased party * * *, the executor or personal representative of the deceased may sell the said shares to any other person. If the said executor or personal representative * * * shall be unable to sell the said stock, then at the option of the executor or personal representative * * *, the parties hereto agree that the corporation shall forthwith be dissolved and liquidated and distribution of assets promptly made."

Paragraph " Seventh " of the agreement provided that " as long as the parties hereto shall be stockholders in the said corporation, all of the stock held by them shall be used for the purpose of electing each of the parties thereto as directors of the corporation and as officers as follows: Wolfe Block, President, Herman Block, Vice-President, Tony Block, Secretary, Maurice Block, Treasurer."

Wolfe Block died on January 5, 1942, leaving a will by which all of his property was given to his widow, Bessie Flinck Block. She was nominated as his executrix but renounced the appointment.

Herman Block died on February 12, 1945. His widow, Dora Block, was appointed the administratrix of his estate.

The decedent herein, by paragraph " Fourth " of his will, provided in part as follows: " I give * * * my forty shares of stock in Block Bros. Inc. to my trustees * * * to hold * * * during the life time of my wife and to pay to my wife out of the income * * * the sum of $25.00 per week during her life time.

" In the event that Block Bros. Inc. shall be dissolved or liquidated within five years after the date of my death, I direct my trustees hereinafter named to pay seven-twelfths of the sum derived from the sale of the said shares of stock to my brother, Maurice Block, and five-twelfths to my trustees hereinafter named to be held by them in accordance with paragraph ' Fifth ' of this Will."

Paragraph " Fifth " sets up a trust for the benefit of the widow.

On the 20th day of December, 1945, a special meeting of the stockholders was called for the purpose of electing four directors of the corporation and to consider the question of the dissolution of the corporation.

The petitioner then brought this application to remove her cotrustees. She seeks the removal of Maurice Block mainly upon the ground that he was not in a position to exercise his discretion as a trustee on the question of the dissolution of Block Bros., Inc., because, under the above-quoted portions of decedent's will, he would receive for his own benefit, after such dissolution, seven-twelfths of the sum derived from the proceeds of the shares of stock owned by the trustees. The removal of the third cotrustee was based upon the grounds that he intended to vote with Maurice Block, for a dissolution. By the time this proceeding was reached for a hearing, the meeting of the stockholders had already been held and a dissolution of the corporation was directed, the two respondents, as trustees, voting in its favor.

The court must now determine whether or not the respondents, by this conduct, have violated their duties as trustees.

The respondents contend that they had no choice in voting for a dissolution inasmuch as it could have been compelled by litigation which, in view of the terms of the agreement executed in 1939, could not successfully be defended, and therefore by their conduct, the estate was saved the legal expenses which would have been incurred as a result of such litigation.

In support of their contention, they have demonstrated to the court that Bessie Flinck Block, the owner of forty shares of Block Bros., Inc., stock as a result of the death of Wolfe Block, and Dora Block, the administratrix of the estate of Herman Block, deceased, the owner of ten shares of the stock, requested Maurice Block, the respondent, to purchase their shares. He was in no position to make the purchase and upon his refusal, a demand was then made by these persons to dissolve the corporation in accordance with the terms of the 1939 agreement.

The petitioner in reply, asserts that no demand for a dissolution was made by an executor or personal representative of a deceased party; that the respondents have failed to prove that Bessie Flinck Block or Dora Block were unable to sell their stock, and that the 1939 agreement is invalid and void.

This court has heretofore held that the words " executor or personal representative of the deceased party " in paragraph " Third " of the agreement mean an estate fiduciary (N. Y. L. J., Feb. 13, 1946, p. 593, col. 2).

As a result of this ruling, the respondents produced proof of Dora Block's appointment as administratrix of the estate of Herman Block. Her letters are in full force and effect. She still owns the stock as an administratrix, no transfer of the shares having been made to her as an individual.

Under the agreement, the demand made by her was sufficient for the purpose of obtaining a dissolution without considering the legal effect of the demand made by Bessie Flinck Block, who did not represent the estate of Wolfe Block, deceased, as a fiduciary. It was not obligatory upon her to make efforts to sell the shares to any other person upon Maurice Block's refusal to purchase. The agreement provided that the executor or personal representative " may " sell the shares to any other person. Furthermore, in view of the nature of the shares themselves, being those of a closely held corporation, having no general market and not salable to the general public in the usual manner, it would be extremely difficult if not impossible to obtain a ready buyer for the shares. The agreement plainly provides an estate fiduciary with a method of liquidating these shares where the fiduciary deems it necessary to do so.

The validity of the agreement is attacked on the ground that it binds each of the parties thereto to vote for the others as directors and officers as set forth in the above-quoted paragraph " Seventh ". It is claimed that this is a violation of section 60 of the Stock Corporation Law and that the illegality is such that it infects the whole agreement. The cases of *McQuade* v. *Stoneham* (263 N. Y. 323) and *Manson* v. *Curtis* (223 N. Y. 313) are cited in support of this assertion.

In a corporation where the stock is closely held, the sole stockholders may agree to vote for one another as directors of such corporation (*Fells* v. *Katz,* 256 N. Y. 67), and where the directors are the sole stockholders, there is no objection on the ground of public policy to enforcing an agreement among them to vote for certain persons as officers (*Clark* v. *Dodge,* 269 N. Y. 410). Such agreement, however, must be construed as one to retain the named persons as officers only so long as they remain faithful and efficient (*Fells* v. *Katz, supra,* p. 72).

The rule that all the stockholders by their agreement, may do as they choose with the corporate concerns and assets where the public is not concerned and where the interests of creditors

are not affected, was recognized in the *Manson* case (*supra,* p. 325).

" The broad statements in the *McQuade* opinion, applicable to the facts there, should be confined to those facts." (*Clark* v. *Dodge, supra,* p. 417.)

However, even if the petitioner is correct in her assertion as to the invalidity of paragraph " Seventh ", such invalidity would not destroy the entire agreement. This portion of the agreement is not so interwoven with the other agreements of the instrument as to affect its integrity and validity. The illegal portion, therefore, could be severed and the good portions enforced (*Wygood* v. *Makewell Hats, Inc.,* 265 App. Div. 286).

The terms of the agreement are therefore valid and enforcible, and the respondents in voting for the dissolution did only what they were legally obliged to do in accordance with its terms. Bessie Flinck Block and Dora Block by their testimony, have impressed the court with the sincerity of their expressed desire to have a dissolution.

It has been shown that their demands were made early in the year 1945 but Maurice Block prevailed upon them to withhold any action until the latter part of that year. It was only after repeated requests by them and upon the advice of counsel that a dissolution could be compelled in accordance with the agreement and section 103 of the General Corporation Law, that a meeting of the stockholders was called and a dissolution voted.

Proof of bad faith and abuse of discretion on the part of the respondents is lacking.

The petitioner also calls to the attention of the court that Maurice Block, while acting as a trustee, received a salary from the corporation as an officer thereof. She contends that, by reason of the foregoing, he placed himself in a position antagonistic to his interest as a trustee and therefore should be removed under the authority of *Pyle* v. *Pyle* (137 App. Div. 568).

The rule of this case does not apply because Maurice Block has acted as an officer of the corporation and received a salary as such since the incorporation of the business approximately four years prior to decedent's death, and had bound himself by the 1939 agreement to devote all his time and attention which might be necessary in the conduct of the business. In the *Pyle* case (*supra*), the trustee was not connected with the company prior to the death of the decedent therein. This distinction in the law was recognized by the late Surrogate FOLEY in *Matter of Grossman* (157 Misc. 164, 168, affd. 250 App. Div. 503).

It appears that after the decedent's death, Maurice has carried the entire burden of this business venture. It has consisted of little more than the work and effort which he put into it. It is apparent that without Maurice, the last survivor of the firm of Block Bros., there would be no business, since it is evident that it depends upon his knowledge and experience. The salaries which he has received have not been unreasonable. No misconduct or overreaching has been shown.

The situation which exists today has been created by the testator himself. The position in which Maurice finds himself is the position in which he was placed by the testator. Under these circumstances, the acceptance of a salary while acting as trustee, is not objectionable (*Matter of Gerbereux*, 148 Misc. 461; *Matter of Berri*, 130 Misc. 527).

By the same reasoning, the mere fact that this trustee will receive a portion of the trust estate, does not disqualify him (*Matter of Forte*, 149 Misc. 327; *Matter of Cowen*, 148 Misc. 35).

The petition is dismissed.

Settle decree.