In the Matter of the Construction of the Will of Mac B. Feinson, Deceased.

Surrogate's Court, New York County, August 12, 1949.

*Samuel L. Greenberg* for Irving B. Feinson, petitioner.

*James N. Vaughan* for Helene Feinson, respondent.

FRANKENTHALER, S. The executor-trustee under the will of decedent asks a construction of the will, a determination of the validity and effectiveness of certain conditions annexed to bequests of shares of stock, and also instructions as to the effectiveness of directions given to the trustee in the will respecting the voting of shares of stock. Decedent died on March 16, 1949. The second paragraph of his will deals with shares of stock of American Dispenser Company, Inc. The dispositive provisions are prefaced by recitals wherein decedent recounts the history of the business and his hopes concerning its development. Prior to January, 1947, the decedent conducted the business as an individual. In that year the business was transferred to a corporation of which he was sole owner. The entire capital stock consists of 200 shares. Decedent desired that the stock of the corporation be owned by or for the benefit of certain individuals thereafter named in his will. He thereupon bequeathed " upon the terms and conditions hereinafter set forth, and not otherwise, to the following named persons respectively, the following number of shares of the capital stock of American Dispenser Company, Inc." In the subdivision lettered " A " he gave his trustee 100 shares of the stock to be held in trust during the life of his wife. Upon her death the principal is to be divided into six parts and one part given to each of his three brothers and three sisters. In subdivisions lettered " B " to " G " inclusive, he disposed of 90 shares by giving 15 shares to each of his brothers and sisters. In the next two subdivisions he gave to two employees 8 and 2 shares, respectively. Subdivision " J " reads as follows:

" J. I direct, however, that the foregoing bequests listed under items ' B ' to ' I ' inclusive, shall be subject to and, accordingly, I make such bequests, and each of them, upon the following terms and conditions, viz:

" 1. Each of the legatees listed under items ' B ' to ' I ' of paragraph ' Second ' of this will, shall agree to vote for and elect my wife, Helene, during her lifetime, as a Director of American Dispenser Company, Inc., and they shall further agree that they will instruct and direct the corporation by their affirmative vote to elect, appoint, and employ my said wife, Helene, during her lifetime as an executive at a salary of $500.00 per month, said salary to be received by her for services as director and executive of the American Dispenser Company, Inc.

" 2. If the agreement referred to in the next immediately preceeding paragraph hereof shall not be executed as therein provided, within such reasonable time as may be fixed therefor by my executor, then and in such event, I revoke, cancel and annul such bequest as to any person failing to execute and deliver the same.

" 3. My executor before delivering certificates for any of the shares of the capital stock bequeathed under items ' B ' to ' I ', inclusive, of paragraph ' Second ' of this will shall take from said legatees and each of them, such agreements as, in his judgment, shall be necessary to carry out effectually the terms and provisions of the bequests, the form thereof to be exclusively determined by my said executor. *   *   * "

In the sixth paragraph of the will he gave the following directions to his trustee: "Sixth: I direct that my trustee shall, at all times during the lifetime of my wife, Helene, the beneficiary of the trust set up under this, my will, vote for said Helene as a Director of the American Dispenser Company, Inc., and that he exercise his legal power and influence as the owner in trust of the one hundred shares of stock of American Dispenser Company, Inc. to secure the election and employment of said Helene during her lifetime as Director and Executive of American Dispenser Company, Inc. at the salary of $6,000.00 per annum; and I further direct that my trustee shall, at all times, vote for my nephew, Burton L. Feinson as a Director of the American Dispenser Company, Inc., and that he exercise his legal power and influence as the owner, in trust, of the one hundred shares of stock of American Dispenser Company, Inc. to secure the election and employment of said Burton L. Feinson as Director and General Manager of American Dispenser Company, Inc. at a salary to be computed on the basis of three (3) percent of net sales."

The petition propounds eighteen separate questions respecting the bequests of this stock. Some of the questions are of only academic interest at the present time because they assume facts which may never develop. The court will discuss first the general principles of law applicable to the bequests of stock to the individual legatees and then the questions relating to the sixth paragraph of the will and the instructions to the trustee.

It is now well established that stockholders of a corporation may validly agree to elect specified persons as directors. (*Clark* v. *Dodge,* 269 N. Y. 410; *Kassel* v. *Empire Tinware Co.,* 178 App. Div. 176; *Matter of Block,* 186 Misc. 945, 949.) Moreover, the complete owners of a corporation may, by agreement among themselves, control the exercise of power and discretion by the directors of the corporation, provided that the interests of cred-

itors of the corporation are not prejudiced and the public policy of the State is not offended. (*Clark* v. *Dodge, supra; Kassel* v. *Empire Tinware Co., supra; Matter of Buckley* [*Rickerson*] 183 Misc. 189; Meck, Employment of Corporate Executives by Majority Stockholders, 47 Yale L. J. 1079.) Even though a contract might impinge somewhat upon the provisions of section 27 of the General Corporation Law, there is no reason for holding it illegal if the enforcement of it " damages nobody — not even, in any perceptible degree, the public ". (*Clark* v. *Dodge, supra,* p. 415.)

In the matter now under consideration there can be no possible harm to other stockholders because all who will receive any stock are required to become parties to the agreement, and then only as a condition to becoming recipients of the bounty of the decedent.

In the enforcement of such an agreement as is required under the will, there is no threatened harm to the State or to the public generally. Each legatee agrees to vote for the widow as a director. This was expressly held in *Clark* v. *Dodge* (*supra,* p. 417) to be " a perfectly legal contract ". The proposed agreements do not contemplate stripping the board of directors of power or authority in relation to the employment of the widow. The legatees are required to agree only " that they will instruct and direct the corporation by their affirmative vote to elect, appoint, and employ my said wife, Helene, during her lifetime as an executive at a salary of $500.00 per month ". The terms of the will may not necessarily contemplate an initial single employment contract to extend over the lifetime of the widow any more than it contemplates a single election as director for life. It is not material now whether there is eventually to be a single employment contract, or successive contracts, each extending over the term which the particular board of directors serves, or an employment without fixed term coupled with an obligation on the part of the stockholders to renew instructions at each meeting. Whether a single act or a succession of acts is necessary, the stockholders will be required to carry out their agreement in good faith. In any event the agreement would not be construed as one to retain her as an employee after she proved unfaithful to the duties of her office. (*Fells* v. *Katz,* 256 N. Y. 67, 72.)

The proposed agreements do not take away any power from the directors. All power and authority conferred by law or by charter still remains with them. The directors will usually carry out the bona fide instructions and directions of the stockholders

unless such course of action would conflict with their fiduciary obligations as directors. The court is not here called upon to enforce such agreements or to say how effective they would be under certain facts which may sometime develop. Indeed, the agreements have not yet been drafted. The only question now before the court is whether the agreements required by the terms of the will are valid to the extent that the court should direct the executor to enforce compliance with the terms of the will. The court holds that they are so valid and it directs the executor to carry out the terms of the will in respect of such agreements.

The court further holds that the gifts of stock are subject to a condition *precedent*. The testator bequeathed the stock " upon the terms and conditions hereinafter set forth, *and not otherwise*." (Emphasis added.) The will states that if the agreement be not executed within such reasonable time as is fixed by the executor, the bequest to the person failing to execute the agreement is cancelled and annulled. It is clear that the written agreement must be executed and delivered by the legatee before the executor may deliver to him the subject matter of his legacy.

The directions given in the will to the trustee are neither unlawful nor invalid. The direction to vote for the widow and the nephew as directors of the corporation does not offend any public policy. The instruction to the trustee to " exercise his *legal* power and influence as the owner in trust " of the shares of stock to secure the employment of the widow and the nephew does not even attempt to interfere with the powers of the board of directors. It is rather directed to the trustee and constrains him to do no more than exercise his " legal " power and influence as a stockholder.

The trustee has attempted to have now determined the extent of his right to discharge the widow at some future time or to decrease the rate of her compensation. If the widow is employed by the corporation she can be discharged only by the officers or directors of the corporation. The trustee under this will, in his status of trustee, is not possessed of the power to employ or to discharge or to fix compensation or to reduce it. Those questions are questions which the board of directors will be empowered to determine. At the present time all such questions are academic.

In respect of the specific questions propounded by petitioner, questions I, II and VI may be answered generally to the effect that the conditions annexed to the bequest of stock are valid and the legatees are required to execute the agreements specified in the will as a condition precedent to payment of their legacies.

Questions III and IV relate to the directors of the corporation and are not properly before the court. In view of the fact that the court has held that the agreements are valid and that the execution of the agreements are conditions precedent, questions V and VII need not be answered. Questions VIII to XVII inclusive deal with the directions to the trustee and need not be specifically answered except as discussed hereinabove. Question XVIII deals with the possibility of a refusal by a legatee to accept the stock on the conditions stated, but such event has not occurred and the question is presently academic.

Submit decree on notice construing the will accordingly.