In the Matter of the Construction of the Will of ANNIS M. SLOANE, Deceased.

Surrogate's Court, New York County, June 26, 1950.

**266**

*Herbert C. Pentz* for Sloane Barker et al., as executors and trustees under the will of Annis M. Sloane, deceased, petitioners.

*Philip Smith* for Federal-Wholesale Hardware Corporation, respondent.

*Nelson Underwood* and *Emmett W. Poindexter* for George W. Barker, individually and as executor and trustee under the will of Annis M. Sloan, deceased, and others, respondents.

*Harold Baer,* special guardian for Sloane Barker, Jr., and others, infants, respondents.

COLLINS, S. This proceeding for construction has been instituted for the purpose of resolving a difference of opinion among the four presently acting fiduciaries concerning the effect of the following provisions of paragraph Tenth of the will. " The principal asset of my estate will probably be my interest in real property and in closely-held corporations owning real property. I direct my executors and likewise my trustees to retain so much of this interest as they shall deem practicable until all of my executors or trustees, as the case may be, deem a sale desirable, even though such interest may be of a character not suitable for investment of trust funds and may constitute an unduly large portion of my estate and of the trusts established therefrom.''

The court has made its intermediate decision and decree in this proceeding (*Matter of Sloane,* N. Y. L. J., Dec. 14, 1949, p. 1641, col. 3, affd. 276 App. Div. 1069) holding that unanimous consent of the fiduciaries to the sale of real property by a corporation whose stock was in large part owned by the estate was not required if the purpose of the sale was to obtain the funds necessary for the payment of debts, taxes and administration and funeral expenses. Based on the authority conferred

by that decree a sale of property owned by Sloane Estates, Inc., has been approved and consummated with the result that funds have been made available for partial discharge of the obligations before enumerated.

The petitioners, three of the four persons who have qualified as executors and trustees, assert that the provision requiring unanimity of consent to fiduciary action is effective only in situations involving (a) a complete disposition in a single sale of all of the estate's interest in any closely-held corporation or, (b) a sale of all of the capital assets of any such corporation. The respondent executor and trustee disputes the construction urged by his colleagues and argues that, subject to the qualification confirmed by the intermediate decree, the sale of any parcel of real property by the estate-owned corporations or the sale of their stock by the fiduciaries is permissible only if all of them are in agreement upon the terms and conditions of each such transaction.

It has been stipulated that deceased died the owner of more than two thirds of the stock of each of four real estate corporations and that her executors have succeeded to her interest therein. Title to the stock will pass under the will to the same persons as trustees and they now constitute the board of directors of each of the corporations. It is not disputed that the business of the corporations for many years past has consisted of the ownership and operation for profit of one or more parcels of real property.

It is plain that in respect of the sale by the estate of stock in the corporations unanimous consent of the fiduciaries is required under the mandate of the will. As executors they are not empowered to exceed the authority conferred upon them by the testatrix and, contrary to the ordinary rule none of them alone has the power to bind the estate (Scott on Trusts, §§ 6.3, 194; *Geyer* v. *Snyder*, 140 N. Y. 394). The same is true, of course, in respect of their management of the fund as trustees for the law itself apart from the direction in the will imposes the prohibition. "Where there are two or more trustees, it is essential that they all concur in the exercise of powers conferred upon them". (Scott on Trusts, § 194; *Fritz* v. *City Trust Co.,* 72 App. Div. 532, affd. 173 N. Y. 622.)

The requirement of concurrence is equally applicable, the court holds, in the sale of real property by any of the corporations in which the fiduciaries constitute the board of directors. The record discloses that none of these companies was organized as a trading corporation in the sense in which that term was

construed by Mr. Surrogate FOLEY in *Matter of Schaeffer* (155 Misc. 850). On the contrary, it clearly appears that they were all investment enterprises whose chief source of income was derived from the operation of rental properties. The exception to the general rule that the proceeds of the sale of capital assets constitute principal would not be applicable in the event that any of these corporations were to dispose of all or part of the realty (*Matter of Jackson,* 258 N. Y. 281; *Matter of Enz,* 204 App. Div. 634, affd. 237 N. Y. 577). The estate's ownership of large blocks of stock in the companies is the equivalent of ownership of interests in the real estate and to permit the sale of those interests except upon the conditions prescribed by the testatrix would result in the annulment of her lawful and carefully expressed command.

There is no question but that the testatrix had the right to impose the conditions which she saw fit to include in her testamentary direction. The extent to which the action of estate fiduciaries as the managers of estate-owned corporations may be controlled by the provisions of the will was discussed and defined by my colleague Mr. Surrogate FRANKENTHALER in his decision in *Matter of Feinson* (196 Misc. 590). He there said (p. 592–594):

'' It is now well established that stockholders of a corporation may validly agree to elect specified persons as directors. (*Clark* v. *Dodge,* 269 N. Y. 410; *Kassel* v. *Empire Tinware Co.,* 178 App. Div. 176; *Matter of Block,* 186 Misc. 945, 949.) Moreover, the complete owners of a corporation may, by agreement among themselves, control the exercise of power and discretion by the directors of the corporation, provided that the interests of creditors of the corporation are not prejudiced and the public policy of the State is not offended. (*Clark* v. *Dodge, supra*; *Kassel* v. *Empire Tinware Co., supra*; *Matter of Buckley* [*Rickerson*], 183 Misc. 189; Meck, Employment of Corporate Executives by Majority Stockholders, 47 Yale L. J. 1079.) Even though a contract might impinge somewhat upon the provisions of section 27 of the General Corporation Law, there is no reason for holding it illegal if the enforcement of it ' damages nobody not even, in any perceptible degree, the public '. (*Clark* v. *Dodge, supra,* p. 415.)  *  *  *

'' In the enforcement of such an agreement as is required under the will, there is no threatened harm to the State or to the public generally. Each legatee agrees to vote for the widow as a director. This was expressly held in *Clark* v. *Dodge* (*supra,* p. 417) to be ' a perfectly legal contract '.  *  *  *

" The proposed agreements do not take away any power from the directors. All power and authority conferred by law or by charter still remains with them. The directors will usually carry out the bona fide instructions and directions of the stockholders unless such course of action would conflict with their fiduciary obligations as directors. The court is not here called upon to enforce such agreements or to say how effective they would be under certain facts which may sometime develop. Indeed, the agreements have not yet been drafted. The only question now before the court is whether the agreements required by the terms of the will are valid to the extent that the court should direct the executor to enforce compliance with the terms of the will. The court holds that they are so valid and it directs the executor to carry out the terms of the will in respect of such agreements.''

The court accordingly holds that unanimous consent of the fiduciaries is a condition to the sale of all or a part of the estate's stock interest in the closely-held corporations. Like consent is required to the sale of real property by the corporations except where such sale is made necessary by reason of lack of funds for the discharge of those obligations enumerated in the court's prior decision and decree.

Submit decree on notice construing the will in accordance with the foregoing.