William T. Collins, S.
In the absence of a demonstration of prejudice to any of the parties herein there appears to be no reason why the widow may not withdraw her notice of election filed herein. No determination as to the rights of the parties has been based on the notice of election and no decree settling the account has been entered. In any event it is clear that the widow forfeited her right to any election by the antenuptial agreement and by the provisions made pursuant thereto by the testator for her benefit which exceed the amounts required by the agreeement.
The decision of the above question leaves for determination a construction of the will itself. This presents the problem of *943 whether the bequest to the wife of one fifth of the residuary estate is burdened by the conditions set out in paragraph “ Fifth ” of the will. Paragraph “ First ” of the codicil revoked paragraph “ Fourth ” of the will and inserted a new paragraph “ Fourth ” in place thereof dividing the residue into five equal parts instead of four and giving the additional share to the widow. The new paragraph “ Fourth ” was in all other respects similar to the original paragraph and made the gifts “ subject to the conditions hereinafter set forth.” The only conditions in the will appear in paragraph “ Fifth ” of the will which by the codicil was confirmed in all respects except as modified. This paragraph reads: “ Fifth: With respect to my interests in the corporations known as Tourneau, Inc., Tourneau Watches, Inc., Tourneau-Hotel Pennsylvania, Inc., or any other business or corporation in which I might be interested at the time of my death, and as a condition precedent to turning over my stock interests in such businesses to my brother and sisters as hereinabove set forth, I direct that such beneficiaries enter into a voting trust agreement in favor of my brother, fierre s. tourneau. The voting trust agreement shall give to my said brother the full voting rights with respect to the stock interests of all of the said beneficiaries and shall be prepared by, and be subject to the approval of, the then acting attorney for my estate. The said voting trust agreement shall further provide that upon the death of my brother, fierre s. tourneau, prior to the expiration of the voting trust agreement, the voting trust shall cease, and the stock certificates shall be delivered to the beneficiaries thereof. In the event that in the opinion of the then acting attorney for the estate, the voting trust arrangement shall not be feasible, then I authorize my Executors to make such alternate provision which shall carry out my intention expressed herein with respect to the voting trust agreement so as to give the voting rights of the stock in said corporations to my brother, fierre s. tourneau, for a period of at least ten (10) years after my death, and I direct that as a condition precedent, the beneficiaries of my estate shall agree to enter into such arrangements and such other reasonable provisions as my Executors and their attorney deem advisable to carry out my intentions as expressed herein.”
The court holds that the bequest to the wife in the amended paragraph “ Fourth ” is subject to the conditions in paragraph “Fifth” and the new paragraph “ Fourth ” expressly so states. Paragraph “ Fifth ” clearly shows the intention of the testator to give his brother the voting rights to the stock in question for the specified period. It is conceded that decedent *944 owned 50% of the stock in question and that relatives of his deceased first wife owned the other 50%. Obviously if any one of the residuary legatees was freed from the voting trust agreement, the agreement would be of little value for such legatee by adding her vote to that of the relatives of the first wife could render the vote of the balance of decedent’s stock impotent. The argument that paragraph “ Fifth ” does not apply to the bequest to the wife is based on a strictly literal interpretation of paragraph “ Fifth ” considered without reference to the limitation of the gift in paragraph ‘ ‘ Fourth ’ ’ which is ‘ ‘ subject to the conditions hereinafter set forth.” Although paragraph “ Fourth ” refers to “ such beneficiaries ” after use of the phrase ‘ ‘ my brothers and sisters ’ ’ and likewise used the phrase ‘ ‘ all of the said beneficiaries ’ ’ after the phrase ‘ ‘ my brothers and sisters ” such position of the reference to the beneficiaries bound by the condition precedent can just as well refer to all the beneficiaries including the wife. The testator did not limit the extent of his interest in the stocks affected by the clause in question to a four-fifths interest. In the closing lines thereof which “ direct as a condition precedent, the beneficiaries of my estate shall agree to enter into such arrangements and such other reasonable provisions as my executors and their attorney deem advisable to carry out my intentions as expressed herein ’ ’, he exempted none of the beneficiaries from the condition. From a reading of the entire will, particularly paragraph ‘ ‘ Fourth ’ ’ which made the gifts “ subject to the conditions hereinafter set forth ” which can only refer to the conditions in paragraph “ Fifth ” as they are the only ones thereafter set forth and in view of the clear-cut expression of intention expressed in paragraph “ Fifth ” it is obvious that the condition precedent refers to the gift to the widow as well as to the brother and sisters. -
The cases cited for the proposition that the condition precedent is illegal under section 50 of the Stock Corporation Law do not involve the right of a testator who owns stock in a corporation to impose conditions precedent upon a bequest of such stock. That the testator has such a right is unquestioned and the donee must take the gift with the condition imposed or not at all so long as the condition does not offend public policy or positive statutory enactment. (Oliver v. Wells, 254 N. Y. 451; Matter of Campbell, 171 Misc. 750, affd. 261 App. Div. 899; Matter of Feinson, 196 Misc. 590; Matter of Sloane, 199 Misc. 265.)
Some of the legatees urge that the widow has forfeited her right to any benefits under the will by reason of paragraph *945 “ Eleventh ” which is in the nature of an in terrorem clause. It is clear that the widow is seeking only a construction of the will, having abandoned any attempt to enforce a right of election. Neither of such proceedings may be used to invoke a forfeiture under this clause. (Matter of Byrnes, 141 Misc. 346, affd. 235 App. Div. 782, affd. 260 N. Y. 465; Matter of Von Deilen, 154 Misc. 877; Matter of Storey, 134 Misc. 791.)
The objections to the attorneys’ fee requested will be set for a hearing before me on the 29th day of October, 1956 at 10:30 a.m.