■ In the Matter of the Estate of CARRIE A. BEACH, Deceased. PRISCILLA A. BEACH, Appellant; ROBERT J. BEACH et al., Respondents.— Appeals from the order of October 2, 1958 and from the decree of judicial settlement of February 27, 1959 dismissed as not timely and also in accordance with *Matter of Beach* (9 A D 2d 636). All other orders appealed from are unanimously affirmed, with $25 costs and disbursements to respondents. The motion to designate Robert L. Collins as sole attorney of record for the purpose of the argument of this appeal and for the purpose of carrying on this litigation to its final conclusion in the appellate courts and in the Surrogate's Court is denied. Memorandum: At the time of argument it was stipulated by attorney Harry J. Coman that attorney Robert L. Collins might argue the appeals that were pending in this court. Thus the rights of the appellant were protected and there was no dispute between such attorneys upon the argument and presentation of these appeals. It is therefore unnecessary for this court to pass upon the motion for substitution and designation. The motion is denied without prejudice to the rights of the respective attorneys and Mrs. Beach to submit all matters relating to substitution, fees, liens and the like, to the Surrogate for determination. (Appeal from order of Oneida Surrogate's Court denying petitioner's motion to vacate the order judicially settling the accounts of the estate of decedent; also appeal from order of the same court denying petitioner's right to question the jurisdiction of the Surrogate's Court in special appearance; also appeal from decree of the same court settling the accounts of the estate and from the order denying the motion to reargue the motion to vacate.) Present — Williams, P. J., Bastow, Goldman, Halpern and Henry, JJ.

■ JOSEPH PERITORE, Appellant, v. NIAGARA MOHAWK POWER CORPORATION, Defendant-Respondent and Third-Party Plaintiff. ARUTE BROTHERS, INC., Third-Party Defendant.— Order unanimously affirmed, without costs of this appeal to any party. (Appeal from order of Monroe Special Term granting motion by defendant Power Corporation for leave to serve an amended answer.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.

■ WILLIAM A. HOLMES, Appellant, v. RUTH E. LIQUORI et al., Respondents.— Order unanimously reversed, with $25 costs and disbursements to appellant and motion granted to the extent set forth in the memorandum. Memorandum: Plaintiff complied with the demand by service of a bill of particulars. We find no authority for the return of the bill of particulars as was done by defendants' attorneys. If the defendants took the position that the bill of particulars was defective or insufficient, they were required to resort to the procedure provided for in rule 115 of the Rules of Civil Practice. In our view, at this stage of the action, there has been compliance with defendants'. demand by service of the bill of particulars. Because of the unauthorized and unrecognized procedure resorted to by defendants, we treat the return of the bill of particulars as a nullity. Defendants are given 10 days after service of the order to be entered herein in which to make a motion against the bill of particulars, if they are so advised. If defendants shall fail to do so within such period, the plaintiff is entitled forthwith to refile his note of issue which was vacated without prejudice upon motion of the defendants, if plaintiff can comply with the certificate of readiness in all respects other than the bill of particulars requirement. (Appeal from order of Onondaga Supreme Court denying plaintiff's motion to compel defendants to accept a bill of particulars.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.