Priscilla Alden BEACH, a/k/a Priscilla A. Hickey, Plaintiff,

v.

ONEIDA NATIONAL BANK & TRUST COMPANY OF CENTRAL NEW YORK (successor to Rome Trust Company) and Johnson D. McMahon, Defendants.

Civ. No. 7116.

United States District Court
N. D. New York.

Dec. 18, 1961.

of her claim for damages arising from an alleged breach of trust.

Because of the confused condition of plaintiff's complaint, both as to allegations and parties, this court permitted an amendment of the complaint relative to the two causes of action over which this court has jurisdiction as determined above. Such amended complaint appears in no way to change the cause of action insofar as the claim for a determination of ownership of assets is concerned but appears to rest upon a conspiracy to defraud plaintiff of her interest in her mother's estate insofar as the claim of breach of trust is concerned.

At a pretrial conference, it was determined that the issue as to the ownership of said assets as claimed by the plaintiff should be first determined by the court and the conspiracy to defraud be tried to a jury at the opening of court on January 9, 1962. Accordingly, evidence was presented as to the ownership issue, the contentions briefed and the question of ownership of the assets is before the court for decision. The facts disclosed are not complicated or essentially disputed and, as far as material here, are set out below.

Carrie A. Beach died November 15, 1951, leaving her surviving a daughter, the plaintiff, Priscilla Alden Beach, and a son, Samuel H. Beach, Jr. The last will and testament of said deceased, dated February 3, 1950, was thereafter probated in the Surrogate's Court of Oneida County. Under the terms of the will, the deceased devised to her son, Samuel H. Beach, Jr., the home and premises at Rome, N. Y., and the household contents contained therein, together with one-half of the remainder of her estate after placing in trust for plaintiff the common stock of the Beach Lumber Company owned by the deceased. The testamentary disposition vested absolute ownership in Samuel H. Beach, Jr. while the benefits accruing to the plaintiff were limited by a created trust.

The two paragraphs of the will of Carrie A. Beach, which are involved in

Robert L. Collins, Harold Blodgett, Schenectady, N. Y., for plaintiff. Harold Blodgett, Schenectady, N. Y., of counsel.

O'Shea, Griffin, Jones & McLaughlin, Rome, N. Y., for defendants. James T. Griffin, Rome, N. Y., of counsel.

Johnson D. McMahon, Rome, N. Y., for defendant McMahon.

BRENNAN, Chief Judge.

This action presents a facet of the litigation involving the estate of Carrie A. Beach, deceased. Related problems have received the consideration of both state and federal courts. Beach v. Rome Trust Co., 2 Cir., 269 F.2d 367; In the Matter of the Estate of Beach, 9 A.D.2d 636, 191 N.Y.S.2d 221 and 12 A.D.2d 735, 208 N.Y.S.2d 181. The decision in Beach v. Rome Trust Co., supra, held in effect that this court has jurisdiction to adjudicate plaintiff's claim of legal ownership of certain assets of the estate and

this litigation, are paragraph third and fifth which are set out in full below—

"THIRD. I give and bequeath my Beach Lumber Company, Inc., common stock, to Rome Trust Company as Trustee, to be administered under the Trust for the benefit of my beloved daughter, Priscilla Alden Beach, as provided in Paragraph Fifth herein, and I direct said Rome Trust Company to vote said stock only as directed by my son, Samuel H. Beach, Jr.

"FIFTH. I give, devise and bequeath the other one-half of the rest, residue and remainder of my said estate, real and personal of every name and nature and wherever situated unto Rome Trust Company in trust as follows:

"To invest and keep invested without restriction to investments legal for trust funds in the State of New York, and with the right to retain the securities, property or investments as held by me at the time of my death and to pay the income therefrom at quarter annual intervals or oftener to my beloved daughter, Priscilla Alden Beach, during the term of her natural life and upon her death, if she leave issue, her surviving, I direct my said trustee to pay over the said share of my estate to such issue, otherwise to my beloved son, Samuel H. Beach, Jr., or if he shall have died leaving issue, then I direct my said trustee to pay the said share to such issue, equally share and share alike".

The plaintiff, beneficiary of said trust, is fifty-nine years of age. She has no issue.

Samuel H. Beach, Jr. died June 30, 1953, leaving as his issue a son Robert Beach and a daughter Patricia B. Murphy, neither of whom is a party to this action.

The Rome Trust Company, the named trustee in the will of Carrie A. Beach, duly qualified and acted as such trustee until January 8, 1958 when it was merged with the Oneida National Bank and Trust Company which is the named defendant herein and present trustee. Since the pertinent events involved here took place prior to the merger, the defendant will be ordinarily referred to herein as the Rome Trust Company.

Among the assets of said trust are 495 shares of the common stock of the Beach Lumber Company which said trustee received and holds under the provisions of paragraph third and fifth of the will of Carrie A. Beach as set forth above. The ownership of said stock is the only item of trust property involved in this particular litigation. Although this cause of action is occasionally referred to in arguments and briefs as a construction of a will and was so referred to in Beach v. Rome Trust Co., supra, 269 F.2d at page 372, it may more properly be termed as a declaratory judgment action determining the ownership of said stock.

■■ It is fundamental that a court may not rewrite a will while professing to construe and that an ambiguity must exist therein as the basis of such an action. It is the court's understanding that petitioner has abandoned any claim that the provisions of the will above referred to require construction as that term is used in similar litigated matters. In fact, the sole contention of the plaintiff as set forth in her brief is as follows—

"Upon the death of Samuel H. Beach, Jr., fee title to the 495 shares of common stock reverted by resulting trust to the estate of Carrie A. Beach and Rome Trust Company became the constructive trustee of said shares, holding title for Priscilla Alden Beach and subject to her order".

After eliminating irrelevant statements of fact and theory in plaintiff's submitted brief, plaintiff's contention rests upon the assertion that upon the death of Samuel H. Beach, Jr. on June 30, 1953, the trust failed and the stock has been held by the trustee since that

date under a resulting or constructive trust for the benefit of the plaintiff who should be held to have obtained title thereto by reason of such failure. This court finds neither facts nor applicable law which would sustain the above contention.

Generally speaking a trust fails when its object has been accomplished. No fault is found with the cases cited by the plaintiff which in effect hold that a trust fails upon the death of the beneficiary. Chater v. Carter, 238 U.S. 572, 35 S.Ct. 859, 59 L.Ed. 1462; Matter of Haber, 281 A.D. 383, 119 N.Y.S.2d 843, or upon the cessation of the use of the trusted property for the purpose for which it was intended. Hopkins v. Grimshaw, 165 U.S. 342, 17 S.Ct. 401, 41 L.Ed. 739. This is not the situation here. The trust is measured by the life of Priscilla Alden Beach—not by the life of Samuel H. Beach, Jr. His death did not destroy its vitality. The provision of the trust instrument requiring that the trustee vote the stock as directed by the son of the testator was a limitation of power of the trustee and in no way damaged its title. Such a provision is entirely legal. Matter of Feinson, 196 Misc. 590 at 592–593, 92 N.Y.S.2d 87 and cases cited. Since the document is the sole charter of authority possessed by the trustee, the only effect of the death of Samuel H. Beach, Jr. was to remove the limitation upon the trustee's power to vote the stock. Further discussion would seem unnecessary since the plaintiff cites no authority to sustain her contention.

Defendants' contentions, as to the absence of indispensable parties and the effect of the decree of judicial settlement of the Estate of Carrie A. Beach, are noted but will not be considered or passed upon. The decision may better rest upon the conclusion that plaintiff has failed upon the merits to establish her asserted claim.

The facts recited as above will be considered as the findings of this court and it is concluded that plaintiff has failed to establish her claim of ownership of the stock involved and that this claim or cause of action should be dismissed.

Judgment is directed as above. The actual docketing of said judgment by the Clerk will be withheld until the disposition of the remaining cause of action in plaintiff's complaint is made on January 9, 1962.